(No. 14200.—Judgment affirmed.)

THE CENTRALIA COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN GUTZLER, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*when pre-existing disease will not defeat award for permanent disability.* The presence of a pre-existing disease is not, of itself, sufficient to warrant a denial of compensation, where such disease does not disable the employee and where the injury is of such a character as to cause disability or such an aggravation of the disease as results in disability.

2. SAME—*when award does not require payment of compensation for effects of existing disease.* An award by the Industrial Commission for permanent incapacity is not subject to the objection that the employer is required to pay compensation for the effects of a disease as it existed prior to the injury, where the award is based on the previous earning capacity of the employee as depreciated by the pre-existing disease and not upon his earning capacity as a well man.

3. SAME—*constitutional question must be raised at the earliest opportunity.* As a constitutional question must be raised at the earliest opportunity, an objection that the Compensation act is

unconstitutional cannot be raised for the first time in the circuit court and must be held to have been waived if the parties appear and without objection participate in the hearing before the Industrial Commission.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Defendant in error, John Gutzler, was injured on November 30, 1918, while working in plaintiff in error's mine. A rock fell from the roof of the room in which he was working and struck him across the hips. The Industrial Commission awarded as compensation for permanent total incapacity for work the sum of $12 per week for a period of 291 weeks, one week at $8, and a pension for life of $23.33 per month. The award was based on a finding, not disputed, that claimant had earned during the year next preceding the injury the sum of $1400 as loader in plaintiff in error's mine, at which work he was engaged at the time of the accident. The circuit court of Marion county confirmed the award, and the case comes here on writ of error to review the judgment of that court.

Plaintiff in error raises two questions: First, that there is no competent evidence in the record upon which to base the award; and second, that the Workmen's Compensation act is unconstitutional, in that it violates the due process clause of the State and Federal constitutions.

The testimony of defendant in error is that he was injured while loading a car; that he was lying on his side

when the rock fell from the roof of the room and struck his hip, crushing the bones of the hips together; that he had from that time been unable to work; that he had tried to do little things; that on one occasion he cemented a hole in the sewer pipe in his house and suffered for three days from that effort; that he cannot stoop without pain; that when he attempts to do so there is something too short to allow him to do so; that when he sits down he experiences pain, which he characterizes as "something sticks me inside;" that at times it hurts all along his stomach and bowels; that he has lost weight; that during the year previous to the injury he worked in the mine regularly as loader and lost but three days of time when the mine was in operation. He also testified that he had suffered from what the doctors called catarrh of the bladder; that he has had this disease for twenty years, but that it didn't keep him from work except on an occasion of an operation for stones in his bladder, over a year and nine months previously. On behalf of the defendant in error two physicians were called, who testified that he had been operated on for stone in the bladder in 1913, and later another operation was had for an appendicular abscess; that he had trouble indicating stone in the bladder. One of these witnesses, Dr. Diehl, testified that he made an X-ray examination of him, showing a mass on the side of the bladder which he thought was a stone; that traumatism would aggravate such a condition.

The record discloses that while the claimant was suffering from a disease of the bladder affecting his earning power at the time of the accident, his present inability to work is due to the injury received or to an aggravation of the disease ensuing therefrom. The presence of a pre-existing disease is not, of itself, sufficient to warrant a denial of compensation where such disease is shown not to have been of a character to disable the claimant, and where the injury is shown to be a contributing cause of such dis-

ability, or such an aggravation of the disease as to result in such disability, compensation will be awarded. (*Big Muddy Coal Co.* v. *Industrial Board,* 279 Ill. 235; *Rockford City Traction Co.* v. *Industrial Com.* 295 id. 358.) The evidence in this record shows that Gutzler earned $1400 per year as loader, but owing to the pre-existing disease he could not load as many cars as a strong man. His earning power was depreciated by the disease but was not destroyed. The award in this case was based upon that depreciated earning capacity. Plaintiff in error is therefore not required to pay compensation for the effects of the disease as it existed prior to the injury. The award in this case is sustained by the record.

Plaintiff in error's second contention is, that the Workmen's Compensation act, by reason of its failure to provide for a judicial review of the facts as well as the law, contravenes the fourteenth amendment to the constitution of the United States, relating to due process. This question was raised in the circuit court, as shown by the assignments of error. The matter was presented in the circuit court on motion to quash the record and return and on propositions of law submitted. The rule in this State is, that in order to take advantage of a constitutional question the unconstitutionality of the act must be raised at the first opportunity; that where a party by stipulation participates in a hearing until the cause comes into a court of review without raising the constitutional question he cannot be heard upon it. (*Chicago-Sandoval Coal Co.* v. *Industrial Com. ante,* p. 389.) The reasoning of that case is controlling here, and under it plaintiff in error must be held to have waived the constitutional question involved in the case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*