JOSEPH M. CROSS, Appellee, v. HERMANSON BROTHERS et al., Appellants.

No. 46610.

DECEMBER 12, 1944.

REHEARING DENIED FEBRUARY 9, 1945.

Jordan & Jordan, of Cedar Rapids, for appellants.

Morgan J. McEnaney and Senneff & Duncan, all of Mason City, for appellee.

GARFIELD, J.—The employee's application to the industrial commissioner for arbitration, evidently prepared on a printed form, stated in substance that claimant "sustained a *personal injury* arising out of and in the course of his employment at Mason City on November 12, 1941, resulting in incapacity * * * The general nature of the claim * * * is as follows: (State facts how injury occurred.)''; from prior to November 12, 1941, down to February 16, 1942, claimant was employed by Hermanson Brothers delivering milk; while so working on or about November 12, 1941, claimant slipped and fell with a case of milk and sprained himself in the small of his back; he noticed a sharp pain in the small of his back extending into his legs; he continued with his work; he was treated for his condition by Dr. Garner, a licensed chiropractor; *"on February 16, 1942, said doctor so treated claimant as to cause a fracture of his first lumbar vertebra and to rupture a blood vessel in his neck;* since February 16, 1942, claimant has performed no work and has received no compensation due to *said injury* * * * his condition is permanent total disability, all caused by *said injury;* that claimant, due to *said injury,* has sustained hospital, doctor and medical bills in excess of $700.'' The prayer of the application was for an award "granting such relief as claimant may be entitled to.'' The employer answered the application by admitting the employment and denying all other allegations.

On November 10, 1943, the matter was heard by Ralph Young, deputy commissioner, as sole arbitrator. The only evidence was that offered by claimant. There was ample evidence that claimant, steadily employed by Hermanson Brothers' dairy for seventeen years, slipped and fell on November 12, 1941, while carrying a case of milk in bottles, and sustained a painful injury to his back; he kept on driving the delivery truck, hoping his condition would improve, but hired and paid with his own money a helper to do most of the loading, unloading, and delivery of the milk; his condition grew worse until about February 1, 1942, when one of the Hermansons suggested he go to a doctor for treatments "and we will see it is taken care of"; claimant then went to Dr. Garner, a chiropractor whose office was just across from the dairy, for treatment; on February 16th, following the fifth treatment, he suffered intense pain; early the

next morning his wife called another physician who sent him to the hospital, where X-rays were taken; his condition was diagnosed as a broken vertebra and a body cast was applied. Since that time claimant has been totally disabled.

Whoever prepared the application for arbitration apparently believed claimant's broken vertebra was caused by the chiropractor on February 16th in treating the original injury of November 12th. Claimant himself probably so believed when the application was prepared. Hence the clause or sentence in the application which we have italicized. A medical specialist testified, however, that since the X-rays, taken on February 17 and 18, 1942, disclosed calcium at the seat of the fracture, the vertebra must have been broken not less than two or three weeks before the X-rays were taken. But there is ample evidence that the vertebra was broken as a result of the fall on November 12th.

Upon this appeal, defendants' sole contention is that since the application alleged claimant's vertebra was broken by the chiropractor on February 16th, and the evidence did not sustain this allegation, there was a failure of proof. It is therefore argued that the facts found by the commissioner do not support the award and there is not sufficient competent evidence to warrant the order. See section 1453, Code, 1939. We are not disposed to sustain defendants' contention.

■ At the outset we may observe that if claimant sustained a broken vertebra from the chiropractor's treatment of the original injury, which arose out of and in the course of his employment on November 12th, it is compensable unless claimant was negligent in selecting the chiropractor. It is not contended claimant was negligent in this respect. This is true even though the chiropractor may have been negligent in treating claimant. Injury resulting from such treatment is not an independent one but is proximate to the original injury. Paine v. Wyatt, 217 Iowa 1147, 251 N. W. 78; Polucha v. Landes, 60 N. D. 159, 233 N. W. 264, 268; Gunnison Sugar Co. v. Industrial Comm., 73 Utah 535, 275 P. 777; Ross v. Erickson Constr. Co., 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319; annotation 39 A. L. R. 1276; 71 C. J. 641, section 395. See, also, 15 Am.

Jur. 495, section 85. Aside from the question of procedure which defendants now raise, claimant was entitled to compensation for his broken vertebra whether it was caused by the chiropractor or by the fall on November 12th.

One answer to defendants' contention is that claimant's application to the industrial commissioner is not a formal pleading and is not to be judged by the technical rules of pleading. Nor is the same conformity of proof to allegation necessary as in ordinary actions. 71 C. J. 1004, 1005, section 782; id., 1008, section 784; id., 1054, sections 839, 840; Valier Coal Co. v. Industrial Comm., 329 Ill. 139, 160 N. E. 212, 215; Raffaelle v. Industrial Comm., 326 Ill. 166, 157 N. E. 206, 208, 209; Pardeick v. Iron City Eng. Co., 220 Mich. 653, 190 N. W. 719, 720; Palle v. Industrial Comm., 79 Utah 47, 7 P. 2d 284, 81 A. L. R. 1222, 1224. See, also, 28 R. C. L. 824, 825, section 112.

Section 1441, Code, 1939, provides:

"* * * neither the board of arbitration nor the commissioner shall be bound by * * * technical or formal rules of procedure; but they shall * * * conduct such hearings * * * in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto. Process and procedure under this chapter shall be as summary as reasonably may be."

In Flint v. City of Eldon, 191 Iowa 845, 847, 183 N. W. 344, 345, we approve the statement, from Rhyner v. Hueber Bldg. Co., 171 App. Div. 56, 58, 156 N. Y. Supp. 903, 904: " 'It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical.' "

We have frequently held, in the absence of a statute similar to section 1441, that the technical rules of pleading do not apply to claims in probate, which are heard in the district court (in probate) and the same conformity of proof to the allegations of such claims is not required as in ordinary actions. In re Estate of Stratman, 231 Iowa 480, 487, 1 N. W. 2d 636, 642, and cases cited; Soppe v. Soppe, 232 Iowa 1293, 1297, 1298, 8 N. W. 2d 243, 245, and cases cited. In view of Code section 1441, there would seem to be greater reason for adopting such

a rule in proceedings before the industrial commissioner, who is sometimes not trained in legal technicalities.

If technical rules of pleading are disregarded, the application clearly should not be held insufficient basis for the award merely because it was alleged that the chiropractor caused the fractured vertebra. Had this allegation been omitted, the application surely would have been sufficient. The general meaning of the application is that compensation is claimed for the "injury arising out of and in the course of his employment at Mason City on November 12, 1941, resulting in incapacity." This is the only "injury," designated as such, to which the application refers. Later mention in the application of "said injury" (italicized by us) as a cause of disability and expense is fairly referable to the injury of November 12th, and not necessarily to the result of the chiropractor's treatment.

The effect of defendants' contention is that there is a variance between the allegations of the application and the proof. In a general way, courts are not inclined to look with favor upon such a contention. 41 Am. Jur. 547, section 371. It is fundamental, even where the rules of pleading apply, that a variance between pleading and proof is immaterial unless the complaining party establishes that he was thereby misled to his prejudice in maintaining his cause of action or defense. Section 11179, Code, 1939; Rule 106, Rules of Civil Procedure, superseding section 11179; 41 Am. Jur. 547, 548, section 371; id., 554, 555, section 380; 49 C. J. 810, section 1191; Western F. & P. Co. v. Buzzard, 199 Iowa 834, 840, 841, 202 N. W. 759, and cases cited; Harward v. Davenport, 105 Iowa 592, 597, 75 N. W. 487.

There is no showing that defendants were misled to their prejudice in making their defense by the statement in the application that it was the chiropractor who fractured the vertebra. In fact, the contrary seems to appear. Defendants heard the proof before the sole arbitrator on November 10, 1943. They knew then the contents of the application which they had answered. They asked for no continuance. After the award they applied for review. On January 10, 1944, they gave notice of intention to introduce additional medical testimony at the hearing in review "to show that the injury for which the plain-

tiff claims compensation resulting in a compression fracture could not have been produced in the manner claimed." No additional testimony was offered at the hearing on review held in February 1944. Defendants thus had ample opportunity to meet claimant's proof that the broken vertebra resulted from the fall in November.

There is another complete answer to defendants' argument. The contention that the application was insufficient basis for the award was not made before the arbitrator nor upon review before the commissioner. It was first raised in oral argument in the district court. If the objection to the sufficiency of the application had been made at the arbitration hearing, it would have been a simple matter to amend to conform to the proof. Defendants could not for the first time upon appeal to the district court question the sufficiency of the application. Questions which are not raised before the arbitrators nor before the commissioner will not be considered upon appeal to the courts. 71 C. J. 1232, section 1147; id., 1233, 1234, section 1150; id., 1235, section 1159; Webb v. Iowa-Nebraska Coal Co., 198 Iowa 776, 781, 783, 200 N. W. 225; West v. Phillips, 227 Iowa 612, 620, 288 N. W. 625; Centralia Coal Co. v. Industrial Comm., 301 Ill. 418, 134 N. E. 174; Miami Coal Co. v. Peskir, 80 Ind. App. 115, 139 N. E. 684, 686; Gillard's Case, 244 Mass. 47, 138 N. E. 384, 387, 388; Tinney v. City of Grand Rapids, 274 Mich. 364, 264 N. W. 402, 404; Collins v. Casualty Reciprocal Exch., 123 Neb. 227, 242 N. W. 457. Many more authorities are to the same effect.—Affirmed.

MANTZ, C. J., and OLIVER, HALE, MILLER, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

BLISS, J., takes no part.