IN RE PROPOSED DURANT COMMUNITY SCHOOL DISTRICT.

BOARD OF DIRECTORS et al., appellants, v. IOWA STATE BOARD OF PUBLIC INSTRUCTION et al., appellees.

No. 50144.

(Reported in 106 N.W.2d 670)

238

DECEMBER 13, 1960.

Brooke & Barclay, of West Liberty, Newport & Wine, of Davenport, and Donnelly, Lynch, Lynch & Dallas, of Cedar Rapids, for appellant.

A. Wayne Eckhardt, of Muscatine, and Casterline & Casterline, of Tipton, for appellees.

GARFIELD, J.—This is another of the many school reorganization controversies to come before us recently.

Voters of Durant Community School District and four contiguous districts or parts thereof filed a merger petition to which objections were filed. The joint county boards of education of Cedar, Scott and Muscatine Counties, in which the affected territory is situated, deleted a small part of the area proposed to be included in the enlarged district and as thus modified approved the formation of the district. Some of the objectors lived in the deleted area.

Two rural districts, Montpelier No. 4 and Sweetland No. 5, then brought the controversy to the state department of public instruction as provided by section 275.16, Code, 1958. Following a hearing before the state superintendent of public instruction and two assistants the state board dismissed the petition. From this order of dismissal the boards of the Durant and Montpelier No. 2 Districts, the Cedar County board and superintendent appealed to the district court of Cedar County. After trial the court affirmed the order of the state board and dismissed the appeal. From this decree appellants in the district court appealed to us.

I. Appellants' first proposition for reversal is that the state department was without jurisdiction to consider the controversy because the Cedar County superintendent of schools was not served with notice by the two rural districts of the proceeding before the department. Appellants' petition on appeal to the district court alleges notice on the county superintendent of what they call the appeal to the state department is specifically required by section 275.18, Code, 1958, by reference to section 285.12. The district court rejected this contention as the state department previously did. We approve the ruling.

Sections 275.18 and 285.12 do not require notice on the county superintendent by the party who brings a controversy of this kind to the state department.

Section 275.16 contains this vital provision for bringing a controversy like this to the state department: "In case a controversy arises from such meeting, the county board or boards or any school district aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8, within twenty days from the publication of this order, and if said controversy is taken to the state department of public instruction, a ten-day notice in writing shall be given to all county boards and school districts affected or portions thereof."

This does not provide for notice in order to "bring the controversy to the state department." Section 275.8 contains no such requirement. (It provides for taking to the state department controversies over the planning of joint districts.) If a controversy like this is taken to the department a ten-day written notice shall be given all county boards and affected districts or portions thereof. Section 275.16 does not require this ten-day notice to be given the county superintendent. This notice evidently may be given by the department and it was so given here and to the Cedar County superintendent on May 6, 1959, of the hearing to be held May 18.

Previously the two rural districts which brought the controversy to the state department served notice on the Cedar County board and the county superintendent had knowledge thereof. He was the secretary and executive officer of the county board. The ten-day period to which section 275.16 refers is apparently ten days prior to the hearing on the controversy brought to the department. The county superintendent here forwarded to the state department all papers in his office pertaining to the proposed district and personally appeared at the hearing before the state superintendent and his two assistants and participated in it.

We come now to the provisions of sections 275.18 and 285.12 upon which appellants base their first proposition. The pertinent part of 275.18 is: "In the case of joint districts, no notice

for an election shall be published until the time for appeal, which shall be the same as that provided in section 285.12, has expired; * * *."

Section 285.12, in the chapter entitled "State Aid for Transportation", provides: "Either party may appeal the decision of the county board to the state superintendent of public instruction by notifying the opposite party and the county superintendent of schools in writing within five days after receipt of notice of the decision of the county board of education * * *." The same section also provides for an earlier appeal, in the event of a disagreement between a school patron and district board over transportation of pupils, to the county board of education. Time for this appeal is within ten days after the decision of the district board.

It is not clear whether "the time for appeal" referred to in section 275.18, quoted above, is the ten-day period allowed by 285.12 for the earlier appeal to the county board or the five-day period there allowed for the later appeal to the state superintendent of public instruction. In any event, it is plain the reference in section 275.18 is merely to the time for appeal as provided in 285.12 and not to the necessity of serving any party. In other words, 275.18 incorporates by reference only the provision of 285.12 as to time for appeal. Nothing further may fairly be claimed for the reference to 285.12 in 275.18.

It will be noticed the pertinent part of section 275.16, before quoted, allows 20 days from the publication of an order of joint boards fixing boundaries of a proposed district to bring a controversy like this to the state department. It would seem this provision allowing 20 days to bring the controversy to the state department is controlling as to time allowed rather than either of the periods section 285.12 provides for appeal (ten or five days) of a disagreement over transportation of pupils.

Since appellants do not contend this controversy was not brought to the state department within the time allowed we are not called upon to decide what the allowable time period is. We do hold the reference to section 285.12 in 275.18 did not require the two rural districts who brought the controversy to the state department to serve notice upon the Cedar county superintendent. This disposes of appellants' first proposition.

242

■ II. Appellants' second proposition is that the state board lacked jurisdiction to dismiss the petition because only the state superintendent and his two assistants conducted the hearing. It is said this should have been before the board which consists of nine members. One of the two assistant superintendents is and has been for about 20 years a lawyer.

It is true the hearing before the state department was conducted by the superintendent and his two assistants. Counsel represented the interested parties. After the hearing the state superintendent as executive officer of the state board of public instruction (Code section 257.16) signed a paper designated "Appeal, Decision and Order" consisting of a statement of the issues, findings of fact, conclusions of law and decision and order. This paper was approved by the state board and signed by its president after consideration at a regular board meeting. The state board had specifically delegated to the three officials who conducted the hearing the authority to do what they did here and the procedure was in accord with the practice of the department. Incidentally see Board of Education of Franklin County v. Board of Education of Hardin County, 250 Iowa 672, 674, 95 N.W.2d 709, 710.

As before pointed out, section 275.16 provides an aggrieved county board or boards or school district may bring a controversy like this to the state department. The state superintendent and his two assistants are members of the department. The opinion just cited so refers to them.

Section 257.10(4) provides it is the responsibility of the state board "to review the record and decision of the superintendent * * * in all appeals heard and decided by said superintendent, whereupon it shall approve same or may direct a rehearing before said superintendent." Section 257.18(10) gives this as a responsibility of the state superintendent: "when practicable, amicably adjust and settle such controversies * * * as may be submitted to him, directly or by appeal, by all persons directly concerned, to hear and decide appeals as provided by law." We find no statute which requires a hearing like the one here to be held before the entire board.

Although the statutory provisions may not be as clear as

they might be, we think the state board did not lack jurisdiction, under the circumstances here, to dismiss the reorganization petition merely because the state superintendent and his two assistants, rather than the board, conducted the hearing.

We may observe that appellants evidently did not object to the procedure before the state department in the respect now considered. Their attorneys filed a special appearance with the state department alleging it lacked jurisdiction on the ground the present appellees (appellants there) did not notify the Cedar County superintendent of the proceeding before the department. But this added ground for the claim of lack of jurisdiction was not there asserted. See as bearing on this point O'Connor v. Youngblade, 250 Iowa 808, 816, 96 N.W.2d 457, 462, and citations.

III. Appellants' third proposition is that the trial court's failure to afford such full review of the state board's decision as section 275.16 provides is a denial of due process to appellants.

Section 275.16 states that when a controversy such as this is brought to the state department they "shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties. * * * The court on appeal shall have the same authority as is granted in this section to the state department of public instruction."

In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737, holds the organization and establishment of the boundaries of a school district are legislative functions, the exercise of which by the judicial department is forbidden by Article III, section 1, Iowa Constitution. Also that upon appeal to the court in such a proceeding the court may consider only judicial questions and not substitute its judgment for that of the designated school authorities as to the wisdom and practicability of the plan for the proposed district.

It is true the cited case was an appeal from an order of a single county board fixing boundaries of a proposed district situated in that county after the board deleted part of the area

included in the petition. The appeal to the district court there was that authorized by section 275.15 from the action of a single county board. And 275.15 does not contain such language as the last sentence of 275.16 quoted above. But the conclusion is inescapable from our Malvern decision that the state constitutional provision on separation of governmental powers prohibits the courts, upon appeal from the action of a county board or the state board in these school reorganization controversies, from considering or deciding questions not judicial in character.

The Malvern case has been cited with approval in Sheridan Rural Ind. No. 5 Sch. Dist. v. Guernsey Consol. Sch. Dist., 251 Iowa 460, 466, 100 N.W.2d 418, 421, 422; Gade v. City of Waverly, 251 Iowa 473, 476, 101 N.W.2d 525, 527; Board of Directors of Stanton Ind. Dist. v. Board of Education, 251 Iowa 589, 592, 102 N.W.2d 159, 161; Archer v. Board of Education, 251 Iowa 1077, 1085, 104 N.W.2d 621, 626; State ex rel. Schilling v. Community School Dist., 252 Iowa 491, 500, 106 N.W.2d 80, 86.

██ Board of Education of Essex Ind. Dist. v. Board of Education of Montgomery County, 251 Iowa 1085, 1092, 104 N.W.2d 590, 594, states:

"We have frequently held that such matters of policy as are involved in the formation of school districts are legislative in character and must be left to bodies which have legislative power as distinguished from the judicial power conferred upon the courts.

"The legislature conferred large powers upon the state department * * *. It is within our discretion to determine whether or not it has followed the legislative limitations placed upon it."

Some of our decisions in these school controversies which precede the Malvern case seem not to have considered the vital question there decided.

In harmony with the Malvern pronouncement and those which follow it the trial court here held it could consider only judicial questions such as whether the state board exceeded its jurisdiction, whether its order is without support in the record or is wholly arbitrary and unreasonable. The court refused to substitute its judgment for that of the state board as to the

wisdom of the plan for the proposed district. This action of the court forms the basis for appellants' third proposition under which they say they have been denied their day in court. We cannot accept the argument so earnestly pressed upon us. We are cited to no authority which supports appellants' third proposition.

 We have repeatedly held the right of appeal is a creature of statute. It was unknown at common law. It is not an inherent or constitutional right and the legislature may grant or deny it at pleasure. Everding v. Board of Education, 247 Iowa 743, 747, 76 N.W.2d 205, 207, 208, and citations; Novak v. Oneida Township School Board, 250 Iowa 668, 670, 95 N.W.2d 291, 292. See also Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787.

 73 C. J. S., Public Administrative Bodies and Procedure, section 161, page 505, says: "Where the opportunity for a hearing has been duly afforded, due process of law does not require the grant of a right of appeal."

If failure to provide any appeal does not violate constitutional rights, certainly the limitations placed upon courts in an appeal to them from the action of a county board or the state department in a controversy like this is not a violation of the constitutional right of due process. Primarily it is not our decisions which have so limited the function of courts in these cases. It is Article III, section 1, of our State Constitution on separation of governmental powers.

Wall v. County Board of Education, 249 Iowa 209, 227, 86 N.W.2d 231, 242, holds: "No one is deprived of any property without due process under chapter 275. The only question might be the changes in taxation created by reorganization. We have held this is not a violation of constitutional rights [citations]."

We have also held failure to provide any notice and hearing on the question of annexation of territory to a municipality does not deprive owners of their property without due process of law. This has been held somewhat analogous to cases where boundaries of school corporations may be changed by action of the boards of directors. City of Cedar Rapids v. Cox, 250 Iowa 457, 461, 93 N.W.2d 216, 218, and citations (certiorari denied

359 U. S. 498, 79 S. Ct. 1118, 3 L. Ed.2d 976). These precedents seem to go further than we do in the present case on the point under consideration.

42 Am. Jur., Public Administrative Law, section 188, pages 559, 560, states: "* * * it has been held that even though the permitted scope of judicial review * * * is not coextensive with the powers exercised by the administrative agency, if a court is permitted to review all fundamental and jurisdictional questions neither the doctrine of separation of powers nor the requirement of due process of law is violated."

■ It follows from the foregoing that insofar as the last sentence of section 275.16, quoted above, purports to confer upon courts the same authority the section confers on the state department it violates Article III, section 1, Iowa Constitution, and is therefore void.

■ IV. Appellants' final proposition is that the state board's decision was arbitrary and unreasonable, unsupported in the record and in excess of its jurisdiction because, it is said, the record shows there was sufficient joint county planning and that this was the sole issue on the merits before the state board and the district court upon appeal.

When the two rural districts brought the controversy to the state department they filed there a petition stating they were aggrieved parties within the provisions of section 275.16, a controversy arose at the meeting of the joint board and there was no joint planning by the three county boards prior to the hearing with reference to the proposed district. Prayer of the petition was that the decision of the joint board be reversed and nullified.

The decision signed by the state superintendent and approved by the state board, referred to in Division III hereof, gives as the issue on appeal: "Does a split vote of a joint county board and a badly gerrymandered district indicate lack of joint county planning sufficient to substantiate a dismissal of the petition to reorganize?" (Vote of the joint board on approval of the proposed district, with part of the area deleted, was eight for and six against.) At the outset of the oral arguments before the state superintendent and his assistants he an-

nounced the issue was whether there was *sufficient* joint county planning in the proposed district.

The district court found on appeal that the requirements of statute with reference to planning had been met. Appellants here contend this is the only question the state department could consider and the state board's action in substituting its judgment for that of the joint county board as to the wisdom and practicability of the proposed district was arbitrary, unreasonable and in excess of its jurisdiction. We cannot agree with this contention.

As previously stated, the parties interested in the controversy were represented by attorneys at the hearing before the state superintendent and his assistants. Several individuals interested on each side of the controversy were also present. The three state officials called on those present to voice their opinions if they cared to do so. Problems of transportation, the fact that most of the children in the area proposed to be annexed to the Durant district attended high school in Muscatine which was the shopping center for most of the residents in the area, that a "REA" plant with a taxable value of $2,100,200 was located in the proposed district (Montpelier No. 2, an appellant here) some distance from the Durant school and a narrow strip of territory connected the two, the effect on neighboring districts of establishing the proposed district, the study of maps— these and other matters were considered by the state department under the broad authority conferred by section 275.16, quoted from in Division III hereof.

The proceeding before the state department was not an appeal in the accepted sense. It was an attempt to solve the controversy brought there by the two objecting rural districts. Our attention is not called to any statute which requires written pleadings before the state department. In any event, strict rules of pleading and the same conformity of proof to pleaded issues which prevail in court proceedings should not be required or expected in hearings before the state department.

We have held the strict rules of pleading and conformity of proof and pleading do not apply in workmen's compensation proceedings before the industrial commissioner. Cross v. Her-

manson Bros., 235 Iowa 739, 742, 16 N.W.2d 616, 617, 618, and citations; Littell v. Lagomarcino Grupe Co., 235 Iowa 523, 524, 17 N.W.2d 120, 121; Alm v. Morris Barrick Cattle Co., 240 Iowa 1174, 1177, 38 N.W.2d 161, 163; Ford v. Goode, 240 Iowa 1219, 1225, 38 N.W.2d 158, 161.

We have applied a like rule to claims in probate which are heard in district court (in probate). In re Estate of Stratman, 231 Iowa 480, 487, 1 N.W.2d 636, 642; Soppe v. Soppe, 232 Iowa 1293, 1297, 1298, 8 N.W.2d 243, 245; Maasdam v. Estate of Maasdam, 237 Iowa 877, 885, 24 N.W.2d 316, 320, and citations in these cases.

We have also held that where parties without objection try an issue in the district court, even though not presented by the pleadings, they thereby consent to try such issue and it is then rightfully in the case. Markman v. Hoefer, 252 Iowa 118, 123, 124, 106 N.W.2d 59, 63, and citations.

78 C. J. S., Schools and School Districts, section 49b(5), page 747, states: "The procedure on appeal from the action taken with respect to the creation or alteration of a school district may be informal, and, except as other provision may be made by statute, any procedure which affords both parties a fair and reasonable opportunity to present their views is proper."

The statutes applicable here are to be liberally construed. Courts will go no further than to see that the methods pursued are in substantial accord with those prescribed by statute. Zilske v. Albers, 238 Iowa 1050, 1056, 29 N.W.2d 189, 192, and citation; State ex rel. Warrington v. Community School Dist., 247 Iowa 1167, 1178, 78 N.W.2d 86, 93; Incorporated Town of Windsor Heights v. Colby, 249 Iowa 802, 807, 89 N.W.2d 157, 160. These observations apply to each of the propositions appellants urge.

We have not commented directly on all the contentions advanced in appellants' excellent briefs but they have been considered. Counsel have ably attempted to uphold the action of the joint county board which would place within the Durant district the heavily taxed REA plant. The district court evidently gave careful consideration to the appeal and concluded

there was insufficient basis for interfering with the state board's order. We reach a like conclusion.—Affirmed.

LARSON, C. J., and GARRETT, J., concur in the result.

All other JUSTICES concur in the opinion.