Kenneth COGHLAN, Claimant,

v.

QUINN WIRE & IRON WORKS, Employer, Hawkeye Security Insurance Co., Insurance Carrier, Appellant.

No. 53216.

Supreme Court of Iowa.

Feb. 11, 1969.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Leo Oxberger, Des Moines, for claimant.

STUART, Justice.

The employer and his insurer appealed from the judgment of the district court which affirmed the decision of the deputy industrial commissioner in a review-reopening hearing. The deputy commissioner found claimant sustained an injury which arose out of and in the course of his employment on December 15, 1960, which aggravated, accelerated, or precipitated a manic-depressive psychotic condition which has caused him to be permanently totally disabled. Two issues are presented on this appeal. (1) Could proof of a disabling psychotic condition be offered under the issues as drawn by the application for review-reopening? (2) Was there sufficient evidence to establish a causal rela-

tionship between the industrial injury and claimant's psychotic condition?

I. On January 13, 1964 claimant filed with the industrial commissioner an Application for Review-Reopening which stated:

"The above named claimant respectfully submits that *he* received an injury arising out of and in the course of *his* employment on *12–15–1960*, and that compensation was paid for the resulting disability amounting to approximately *$336.52*. Application is hereby made for the reopening of the case, as provided in Section 86.34 of the Code, for the following reason:

"(State when, where and how the injury occurred.)

*"While prying on an iron bar at work claimant sustained a back injury."*

The application was prepared on a form provided by the industrial commissioner's office and all but the italicized portions were printed thereon.

Without attempting to amend this application claimant offered the depositions of a psychiatrist and a psychiatric social worker and hospital records in evidence at the hearing. They were objected to "for the reason that they reflect his committment for psychotic condition and not the aggravation of a back injury".

It is appellants' position "that under the Petition for Reopening filed by the Claimant here that the evidence relating to a psychotic condition first discovered on November 8, 1965, was not admissible under the issues as drawn by the Claimant's Petition, especially where there was no amendment or effort made to amend".

■ "An application for arbitration is not a formal pleading and is not to be judged by the technical rules of pleading. Nor is the same conformity of proof to allegation necessary as in ordinary actions. (Citations)." Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 373–374, 112 N.W.2d 299, 301–302; Alm v. Morris Barick

Cattle Co., 240 Iowa 1174, 1177, 38 N.W.2d 161, 163. The same is true of an application for review-reopening.

■ The deputy industrial commissioner did not err in receiving evidence of and basing his decision on claimant's psychotic condition. The industrial accident, the injury described in the application, was the basis of the claim. It is not necessary for the claimant to plead whether the injury triggered a latent psychotic condition or aggravated an existing physical defect. In all probability the claimant thought he was physically rather than psychotically disabled when he filed the application for review-reopening. According to his testimony this is still his belief.

Appellants cite cases from other jurisdictions which support their position. However we do not believe they are in accord with the Iowa law. In Cross v. Hermanson Bros., 235 Iowa 739, 16 N.W.2d 616, claimant's application alleged a fractured vertebra resulting from a chiropractic treatment of an industrial injury. We held evidence showing the fracture occurred at the time of injury was admissible.

In Ford v. Goode, 240 Iowa 1219, 1225, 38 N.W.2d 158, 161, employer made the point "that the application for arbitration alleged that Mr. Ford cut his finger while skinning animals, resulting in his contracting tularemia of which he died and because of such allegations claimant is confined to a recovery based upon proof that Mr. Ford cut his finger in the course of his employment". The proof established only that tularemia was contracted through a cut of unknown origin. We said: "[T]he application is not a 'formal pleading' and that strict 'conformity of proof to allegation' is not necessary."

In Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 112 N.W.2d 299, we held a variance in the date of injury in the application and proof unimportant.

Appellants do not claim to have been prejudiced by the proof at the hearing.

They knew the nature of the claim through Dr. Turner's report about 6 months before the hearing and used the report in cross-examination. Lack of prejudice was discussed in Cross v. Hermanson Bros., supra. We said:

"The effect of defendants' contention is that there is a variance between the allegations of the application and the proof. In a general way, courts are not inclined to look with favor upon such a contention. 41 Am.Jur. 547, section 371. It is fundamental, even where the rules of pleading apply, that a variance between pleading and proof is immaterial unless the complaining party establishes that he was thereby misled to his prejudice in maintaining his cause of action or defense. (Citations)

"There is no showing that defendants were misled to their prejudice in making their defense by the statement in the application that it was the chiropractor who fractured the vertebra. * * * Defendants thus had ample opportunity to meet claimant's proof that the broken vertebra resulted from the fall in November." 235 Iowa at 743–744, 16 N.W.2d at 618.

Here appellants had ample opportunity to meet claimant's proof of a disability resulting from a psychotic condition triggered by the industrial accident and were not prejudiced by claimant's failure to state the exact nature of his injury.

II. When claimant filed his application for review-reopening be believed he had sustained a disabling injury to his back in the industrial accident. Actually, there was nothing physically wrong. He was suffering from a psychotic condition which caused him to believe he was unable to work because of his back. There was no proof of a causal connection between his psychotic condition and the industrial accident until Dr. Turner examined him on November 8, 1965.

Appellants argue, as claimant could not have been referring to his psychotic condi-

tion in the application, it was a new injury which was barred under section 86.34, Code of Iowa, which limits review-reopening proceedings to three years from the date of the last compensation payment. We do not agree. His psychotic condition had been recognized and treated since October 1961. The "external precipitating stress" remained unidentified. Dr. Turner recognized the causal connection between the known condition and the industrial accident.

When the statute of limitations has been tolled by the filing of an application for review-reopening, Bergen v. Waterloo Register Company, 260 Iowa 833, 839, 151 N.W.2d 469, 472, proof of a causal connection between a known condition and an industrial accident should not be barred because it was not obtained until after the statute would have run.

We turn to those actions requiring formal pleadings for an analogy. In Johnston v. Federal Land Bank of Omaha, 226 Iowa 496, 500–501, 284 N.W. 393, 395, we say: "It is the rule in this state that amendments may be made to the original pleading * * * to add other prayers for damages or for matters arising after the filing of the original petition. * * *

"It seems fair that elements of damage which have arisen after the institution of the suit, and which have arisen directly out of the cause for which the action is brought, should be permitted to be tried in the original action. This amendment pertains to the amount of damages, and the remedy, and our court has consistently held that a change in the relief sought or in the amount of damages ascertainable after the institution of the original suit did not constitute a new cause of action." See also Iowa National Mutual Ins. Co. v. Chicago, Burlington & Quincy Railroad Co., 246 Iowa 971, 982, 68 N.W.2d 920, 927.

If a party in a negligence action claimed a similar back injury and learned after the statute of limitations had run that this disability was caused by traumatic neurosis

rather than a physical condition, he certainly could amend his pleadings to so state.

■ In an action of this kind in which formal pleadings are not required and which has as a goal "rough justice—speedy, summary, informal and untechnical", Cross v. Hermanson Bros., 235 Iowa at 472, 16 N.W.2d at 618, proof of a causal connection between a known condition and an industrial accident discovered after the statute of limitations would have run, but while an application for review-reopening is pending, is properly admissible under such application.

III. Appellants contend claimant's evidence was insufficient to establish a causal connection between his psychotic condition and the injury of December 15, 1960.

■ The factual findings of the industrial commissioner or in this instance, his deputy, have the same standing as a jury verdict and if they are supported by sufficient evidence they are binding upon us in the absence of fraud. Swain v. Monona County, Iowa et al., Iowa, 163 N.W.2d 918, filed January 14, 1969 and citations. We turn to the evidence.

The claimant, Kenneth Coghlan, was born November 18, 1924. He was in the United States Armed Forces from June 25, 1943 until July 29, 1944 when he received an honorable medical discharge. His disability was diagnosed as psychosis, manic-depressive service connected. He was on total disability, gradually reduced to no disability by 1946.

He began working for the Quinn Wire and Iron Works on October 23, 1950, as a laborer. On December 15, 1960, while prying with an iron bar, he wrenched his back for which he received compensation. He was hospitalized for a time and returned to work some time in February of 1961. On October 10, 1961, claimant was admitted to the Veterans Administration Hospital in Des Moines, where he re-mained until November 2, 1961, under psychiatric care. As part of the history at that admission, he stated that the left side of his body hurt, that he had headaches, and was unable to work. He also stated that he hurt his back about one year ago. He thereafter returned to work in November for two weeks. He was rehospitalized on January 15, 1962, and remained under psychiatric care for manic-depressive reaction until November 10, 1963. On the admission a part of the history includes lower vertebral tenderness and "claimant has had a back ache since a work injury in 1960". After his release he worked in a sheltered environment for his son-in-law. On April 30, 1964, claimant was admitted after drinking two pints of gasoline in an attempted suicide. Since this admission claimant has been vacillating between institutionalization and day care of a psychiatric nature.

Dr. Howard V. Turner, board certified psychiatrist, and consultant to the Veterans Administration Hospital, was called by the claimant and testified that in his opinion the trauma of December 15, 1960 aggravated an already precarious emotional status and excited it to the point that it became disabling clinically. He further testified that the claimant is now unemployable and will never be able to seek gainful employment. Substantially the same opinions were expressed by Marian Squire, a psychiatric social worker, who has been in charge of the claimant's day care since November 8, 1965.

■ Although there is evidence from which the deputy commissioner might have determined there was no causal connection between the back injury and the psychotic condition, Dr. Turner's evidence amply supports the finding of a causal connection. "Our question is not whether there is sufficient evidence to warrant a decision the commissioner did not make, but rather whether there is sufficient evidence to warrant the decision he did make." Musselman v. Central Telephone Company, Iowa, 154

N.W.2d 128, 130; Wagner v. Otis Radio & Electric Co., 254 Iowa 990, 994, 119 N.W. 2d 751, 753.

There was sufficient evidence to support the deputy commissioner's finding of a causal connection between claimant's industrial injury and his psychotic condition.

For the reasons stated the case is affirmed.

Affirmed.

GARFIELD, C. J., and SNELL, MOORE, MASON, RAWLINGS and BECKER, JJ., concur.

LeGRAND, J., concurs in result.

LARSON, J., is of the opinion the evidence of causal connection is insufficient and therefore dissents.