**Judith A. POLSON, Appellant,**

v.

**MEREDITH PUBLISHING COMPANY and Aetna Casualty & Surety Company, Appellees.**

**No. 55941.**

Supreme Court of Iowa.

Dec. 19, 1973.

Nyemaster, Goode, McLaughlin, Emery & O'Brien, and Harry W. Dahl, Des Moines, for appellant.

Duncan, Jones, Riley & Finley, Des Moines, for appellees.

Heard before MOORE, C. J. and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This matter comes to us on appeal following a second review-reopening hearing on plaintiff's claim arising out of an injury which occurred on February 1, 1968. The industrial commissioner's denial of the claim was affirmed upon appeal to the district court. We reverse and remand to the industrial commissioner for further proceedings as hereafter set out. For convenience, we refer to both the deputy industrial commissioner and the industrial commissioner simply as the commissioner.

Plaintiff was employed by defendant Meredith Publishing Corporation when she sustained injuries to her head and back resulting from a fall. Compensation was paid her at the rate of $48.00 per week for three weeks, in addition to medical expenses not here in issue. Defendant insurance company then stopped payments, claiming plaintiff had recovered from her injuries.

On May 22, 1968, plaintiff filed an application for review-reopening. Following hearing, the commissioner held she was not entitled to further compensation. No appeal was taken from that ruling, and it became a final adjudication under the provisions of section 86.26, The Code.

On January 29, 1971, plaintiff filed a second application for review-reopening. A hearing on this application was held on August 4, 1971. Some time later—January 12, 1972—the commissioner again denied plaintiff's claim for further compensation. On appeal to the district court, this decision was affirmed. Plaintiff here challenges the decree of the district court on the second review-reopening application.

I. Before discussing the other errors relied on, we turn to plaintiff's claim the unilateral termination of compensation payments in 1968 by defendant insurance company without notice and hearing was an unconstitutional denial of due process. She insists she is entitled to notice and hearing *before* payments are stopped. As authority for this position, she leans heavily on several recent decisions including Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and Davis v. Caldwell, 53 F.R.D. 373, 377–379 (D.C.Ga., 1971).

The *Goldberg* case, although involving payments to a welfare recipient, is analogous to the present situation in its discussion of the requirement that payments to which a right has attached may not be terminated without observing due process requirements of notice and hearing. Davis v. Caldwell was a workmen's compensation case in which the court held a Georgia statute unconstitutional under circumstances quite similar to those existing here.

On this constitutional question, plaintiff asks only payment of temporary disability at the rate of $48.00 per week from the time they were terminated (March 1, 1968) until the date of the first review-reopening decision (December 31, 1968), apparently on the theory that was the date upon which a due process hearing first adjudicated the claim adverse to her.

■ While her argument raises new and interesting questions, we do not believe the matter is properly before us, and we decline to pass on the constitutional question now posed. The issue was foreclosed by plaintiff's failure to appeal from the first review-reopening decision, which specifically found no further compensation due.

The commissioner's ruling at that time included the following:

"It is held and found as a finding of fact that the claimant sustained a personal injury arising out of and in the course of her employment with defendant, Meredith Publishing Company, resulting in no permanent disability and three weeks temporary disability.

"Wherefore, the defendants are hereby ordered to pay unto the claimant temporary disability benefits at the rate of $48.00 a week for a period of three weeks for a total of $144.00 * * *."

■ We have frequently said that issues not raised in the trial court may not be first presented on appeal. This rule applies equally to constitutional questions which are belatedly urged. Kliege v. Iowa Employment Security Commission, 206 N. W.2d 123, 128 (Iowa 1973); State v. Armstrong, 203 N.W.2d 269, 270, 271 (Iowa 1972). In workmen's compensation cases we have limited appellate review to those matters raised and litigated before the commissioner. Paveglio v. Firestone Tire and Rubber Company, 167 N.W.2d 636 (Iowa 1969); Cross v. Hermanson Bros., 235 Iowa 739, 744, 16 N.W.2d 616, 618 (1944).

We have also held a review-reopening decision is final unless the aggrieved party perfects his appeal to the district court within 30 days as provided in section 86.26, The Code. Price v. Fred Carlson Co., 254 Iowa 296, 301, 302, 117 N.W.2d 439, 442 (1962); Henderson v. Iles, 250 Iowa 787, 790, 96 N.W.2d 321, 323 (1959).

It is obvious from what we have already said that plaintiff's challenge at this late date on grounds not urged before the commissioner at the time of the 1968 hearing must be rejected. We mention parenthetically that plaintiff did not raise the question either on her second review-reopening application. It was first voiced in the appeal to the district court—and then only in the brief filed after the case had been submitted to that tribunal. We have not overlooked the fact the district court undertook to decide the issue adverse to plaintiff. However, since we hold the question was not then before the district court, we disregard that finding in our review of the case.

II. Plaintiff also alleges a number of other reasons why there should be a reversal. Most of them deal with the reception or rejection of medical evidence. For the reasons stated in Division VIII hereof, we reverse and remand the matter to the commissioner for further proceedings. Since many of the other matters presented will again arise, we consider them in the following portions of this opinion.

■ III. One complaint deals with the commissioner's refusal to withdraw his sec-

ond review-reopening opinion for the purpose of considering additional evidence. This motion was filed *after* notice of plaintiff's appeal to the district court was served. The commissioner later entered an order refusing to reopen the case. Although his ruling was based on other grounds, we believe the motion should have been denied because the commissioner lost jurisdiction over the case when notice of appeal was filed. Clingingsmith v. Jackson Dairy Company, 202 Iowa 773, 776, 211 N. W. 413, 414 (1926). Plaintiff was not entitled to the relief asked.

■ IV. Plaintiff also complains because a written report from Dr. Summers, a neurosurgeon, was submitted to the commissioner and considered by him in reaching his decision. Plaintiff insists she should have been afforded an opportunity to cross-examine the doctor. Ordinarily she would be correct, but we agree with both the commissioner and the trial court that the written report of Dr. Summers was properly received by agreement of the parties under circumstances constituting a waiver of the right to confront and cross-examine him.

Plaintiff's present counsel—who did not represent her at that time—seeks to avoid the agreement made by his predecessor, but we find the commissioner's ruling was correct as to the terms under which Dr. Summers' report was to be considered.

V. The next alleged error concerns the refusal of the commissioner to admit an electromyograph taken at Methodist Hospital on the ground it was hearsay. We forego any discussion of its hearsay nature, since plaintiff impliedly concedes this point and argues only that it was admissible as an exception to that rule under section 622.28, The Code, which authorizes the admission of properly authenticated business records.

■ However, no attempt to qualify this exhibit as a business record appears. Before section 622.28, The Code, applies, cer-

tain foundational facts must be shown to vouch for the reliability of the information and to justify a relaxation of the hearsay rule which would otherwise demand exclusion of the proffered evidence. This matter is discussed in a number of recent cases, including In re Delaney, 185 N.W.2d 726, 730, 731 (Iowa 1971); State v. Fisher, 178 N.W.2d 380, 382, 383 (Iowa 1970); State v. Anderson, 159 N.W.2d 809, 814, 815 (Iowa 1968).

■ Keeping the principles there stated in mind, we recite briefly the manner in which the electromyograph was offered during the testimony of Dr. Mooney, a witness for plaintiff:

"Q. Are you familiar with this [electromyograph] test and do you know what it consists of and how to interpret such a test?

A. No, I'm afraid I don't.

Q. * * * [D]id you interpret this report or the statements made * * *, [and the] impressions and interpretations by some other doctor?

A. This Dr. Modaff is a specialist in his line, very good * * * I know him real well and I can respect his judgment, and that is the result of his test and his knowledge, and I take it as verbatim truth.

Q. Let me restate the question. Did you interpret the test that was conducted?

A. I did not interpret anything on that paper. The interpretation was made by Dr. Modaff who is a qualified specialist and very respected in this community. And I take his judgment and word."

From the foregoing it is apparent, first, that the report was indeed hearsay as far as Dr. Mooney's testimony was concerned and, second, there was no attempt to secure

the introduction of the exhibit as a business record under the decisions heretofore mentioned.

■ In holding the commissioner properly rejected the exhibit we have not disregarded the fact that under section 86.18, The Code, rules of evidence are not to be strictly applied in workmen's compensation cases. Nevertheless, we have said there must be *some* rules to govern these proceedings. See Deaver v. Armstrong Rubber Co., 170 N.W.2d 455, 462 (Iowa 1969). Admission of the exhibit in question under this record would constitute a complete departure from the most elementary rules of evidence rather than obedience to the statutory admonition that such rules should be liberally applied.

■ VI. The next complaint concerns a bill submitted by Dr. Mooney. It was for services rendered from the time of the first review-reopening to the second. The bill was admitted by agreement. However, there was no stipulation as to the reasonableness of the charges nor the necessity for the services. In ruling that plaintiff was not entitled to further benefits, the commissioner disallowed Dr. Mooney's charges in their entirety. Quite obviously the commissioner concluded the services rendered by Dr. Mooney were not shown to have been necessary. Under the record as now made, we find there is substantial support for this conclusion and it is therefore binding upon us.

Nevertheless, in view of our holding in Division VIII hereof, which remands the case for further consideration, we direct that the commissioner re-examine Dr. Mooney's bill if it is then determined plaintiff is entitled to further compensation.

■ VII. Another objection urged is the claim that the commissioner applied an improper rule of law in deciding plaintiff's claim and imposed upon her a greater burden of proof than the workmen's compensation law requires under section 86.34, The Code.

The basis for this complaint is that the commissioner based his denial of additional compensation on the ground she had failed to establish a change in her condition since the first review-reopening hearing. Part of the commissioner's finding is set forth as follows:

"It is clear that this office is bound by the decision in Henderson v. Iles, 250 Iowa 787, 96 N.W.2d 321, which held, that in order to maintain an Application for Review-Reopening, *that the claimant has the burden of proof to establish a change in condition.*" (Emphasis supplied.)

It is quite true, as plaintiff argues, that Henderson v. Iles, supra, is no longer the sole controlling decision in such matters. Gosek v. Garmer & Stiles Co., 158 N.W.2d 731 (Iowa 1968), added a new dimension to review-reopening hearings. That case decided that a plaintiff may recover additional compensation on a showing of a change of condition *or* a condition which, although existing at the time of a previous award, was "unknown and could not have been discovered by the exercise of reasonable diligence" at the time of the prior award or settlement. (158 N.W.2d at page 735.)

However, the *Gosek* doctrine was not applicable here because plaintiff at no time contended her condition was unknown to her. She has always claimed her *known and existing* condition entitles her to additional compensation. Under such circumstances, *Gosek* has no significance and the commissioner cited the proper rule on the evidence before him.

VIII. There remains for discussion only the matter which we hold requires a remand of this case. The review-reopening hearing was held on August 4, 1971. At that time it was stipulated depositions from Dr. Blair and Dr. Schwartz would be furnished "promptly" and would be part of the record.

Dr. Blair's deposition had been furnished to the commissioner, but not Dr. Schwartz's, when—more than five months later—the commissioner decided the case. It is now claimed this was error and that he should have awaited the deposition of Dr. Schwartz.

■ Closely related to that matter is another which also involves medical testimony. Plaintiff filed a motion on December 7, 1971, stating she was in the hospital and asking that the case be reopened so that she could present evidence which would "perhaps" be available on her change of condition. On December 13, 1971, a resistance to this motion was filed. No hearing was held on the motion and no formal ruling was made until the commissioner's decision denying further compensation was filed on January 12, 1972. At that time, he overruled the motion to reopen.

We believe there was error in both these rulings. Although such matters lie largely within the discretion of the commissioner, we hold his refusal to permit plaintiff to produce additional testimony was an abuse of discretion. We have frequently said the workmen's compensation act is to be liberally construed in favor of the workman. Irish v. McCreary Saw Mill, 175 N.W.2d 364, 368 (Iowa 1970) and citations. Appropriate here, too, is the following quotation taken from a New York court and used with approval by us in Cross v. Hermanson Bros., 235 Iowa 739, 742, 16 N.W. 2d 616, 618 (1944):

" 'It was the purpose of the Legislature [in enacting the workmen's compensation law] to create a tribunal to do rough justice—speedy, summary, informal, untechnical.' "

At the time the motion to reopen was made, the record had not yet been closed. The commissioner was awaiting the report from Dr. Summers, which was filed a day later. Furthermore, throughout the review-reopening hearing reference had been made to the advisability of a psychiatric examination for plaintiff. This statement was made not only by her doctor but also by defendant's medical witnesses. We have no way of knowing, of course, nor did the commissioner, if the additional evidence would be psychiatric in nature. In view of these circumstances, we say it was incumbent upon the commissioner to allow plaintiff to produce the additional evidence she claimed she might have following her hospitalization.

■ We would not remand on the failure to wait longer for Dr. Schwartz's deposition. Plaintiff had more than five months to provide it and neglected to do so. However, in view of the fact that a remand is to be made, plaintiff should have an opportunity to furnish his testimony under the conditions set out in Division IX, infra.

IX. We do not hold plaintiff is entitled by this remand to a *third* review-reopening hearing. We believe, however, she should be permitted to supplement the record by medical evidence available to her at the time the case was closed. This could not have been earlier than December 8, 1971, when Dr. Summers' report was received. It could not have been later than January 12, 1972, when the commissioner's findings were filed.

Giving plaintiff the benefit of the latter date, we remand the case to the commissioner with instructions that he reopen the case for the following purposes only:

(1) He shall consider the deposition of Dr. Schwartz if it was taken prior to January 12, 1972;

(2) He shall consider any medical evidence available to plaintiff on January 12, 1972, as the result of her hospitalization on or about December 7, 1971; and

(3) If the commissioner determines plaintiff is entitled to further compensation, he shall reconsider and make appropriate findings as to the allowance or dis-

allowance of Dr. Mooney's bill for services submitted as Exhibit 2 at the review-reopening hearing of August 4, 1971.

X. The judgment is reversed and the case is hereby remanded for further proceedings before the commissioner in accordance herewith.

Reversed and remanded with instructions.