Connie S. GARRETT, Appellee,

v.

ROCHESTER PRODUCTS, Employer, and Royal Insurance Company, Insurance Carrier, Appellants.

No. 92–660.

Court of Appeals of Iowa.

Sept. 2, 1993.

Fred L. Morris of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for appellants.

John D. Ackerman and Judith Ann Higgs of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

The respondents, Rochester Products (the employer) and Royal Insurance Company (the insurance carrier), appeal the district court's ruling on judicial review, reversing the industrial commissioner's decision denying the petitioner, Connie S. Garrett, perma-

nent disability benefits and remanding to the commissioner for further consideration. The respondents claim substantial evidence existed to support the commissioner's decision that Garrett failed to meet her burden of proving a permanent injury entitling Garrett to benefits.

This workers' compensation case stems from Garrett's back injury sustained on April 7, 1986, while lifting a thirty-pound tray during her employment with Rochester Products Division of General Motors in Sioux City. Although Garrett returned to work on August 11, 1986, and remained with a few absences until March 1987, she continued to report suffering pain from the injury. She also worked partially in August and September of 1987.

Garrett's principal treating physician diagnosed her as suffering from lumbosacral muscle spasm and muscle strain and eventually gave an opinion that she suffered two percent partial disability. Other treating physicians indicated no physical basis existed to support Garrett's claims of continued pain and stated the pain was psychologically induced or exaggerated by her. The other treating physicians rated Garrett's disability from zero to five percent of the body as a whole.

Garrett filed a petition with the industrial commissioner seeking permanent disability benefits and medical expenses. A hearing on the petition was conducted by a deputy industrial commissioner. In addition to the expert medical testimony presented, Garrett and other witnesses testified concerning her injury and the pain it caused. After determining credibility issues in favor of Garrett and her witnesses, the deputy commissioner determined Garrett to be fifty percent partially disabled. The deputy commissioner awarded Garrett permanent partial disability benefits and medical expenses.

The respondents appealed the deputy's decision to the industrial commissioner. On August 30, 1991, the commissioner entered a decision reversing the deputy's award of permanent partial disability benefits. The commissioner accepted the deputy's findings, except for the findings dealing with credibility. After reviewing the record, the commissioner noted that most of Garrett's treating physicians indicated her pain had a psychological origin and determined no evidence indicated the psychological condition was caused by the injury. Accordingly, the commissioner concluded Garrett had failed to meet her burden of proving she was entitled to an award of permanent disability benefits. The commissioner did determine that Garrett was entitled to compensation for medical expenses.

On September 18, 1991, Garrett filed her petition for judicial review, claiming the commissioner's decision was not supported by substantial evidence, was arbitrary and capricious, involved the failure to consider all the evidence, and failed to set forth findings of fact and conclusions of law.

On March 19, 1992, the district court entered a decision reversing the industrial commissioner's decision and remanding the case with instructions back to the industrial commissioner. After reviewing the record, the district court was unclear whether or not the commissioner had considered all of the evidence when reaching the conclusion that Garrett had failed to meet her burden of proof. The court noted that the commissioner's decision was susceptible to the interpretation that the commissioner "required the claimant to show her condition is the result of a physical, objective identifiable condition and that he held that if it is psychological it is not compensable."

The court concluded that if the commissioner required such a burden, the requirement would not be in accordance with Iowa law. The court also concluded the commissioner had failed to clearly apply the required principles of law necessary to resolve this case. On this basis, the court reversed the industrial commissioner's decision and remanded the case to the commissioner for entry of a decision "stating the pertinent findings of fact and conclusions of law based on the whole record made by the parties." On April 20, 1992, the respondents filed a notice of appeal. We affirm.

Petitioner's action was properly brought under the provisions of Iowa Code section 17A.19 (1991). Our scope of review in cases arising out of the Iowa Administrative Proce-

dure Act is to correct errors of law made by the district court. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164–65 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Id.* at 165.

In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). If our conclusions are the same, we affirm; otherwise, we reverse. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 14 (Iowa 1993) (citing *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987)).

■■■ Having reviewed the record in this case, we share the district court's concerns regarding the commissioner's appeal decision. In its judgment on judicial review, the district court stated:

> We do not say that on the record made the Commissioner was required to find that the claimant had proved that the claimant not working is due to a psychological injury caused by the undoubted work-related injury. We recognize that there is evidence that the claimant's pain is "inconsistent" and exaggerated and that her symptoms are magnified, and that it can be found, as the Commissioner did find, that there is no medical evidence to show the claimant's psychological condition was itself caused by the work injury. But the Commissioner does not find that the evidence, both medical and lay, considered as a whole does not show such a cause for the claimant's condition and this leads the court to be unsure whether the Commissioner in making his finding of no causal connection considered all the evidence. The Commissioner on page 3 of his Decision seems to conclude that because the claimant's perception of pain is psychologi-

cal in origin it therefore may not be a basis for a finding of compensable disability. As indicated in the preceding paragraph of this judgment, we do not believe such a conclusion is in accord with the law.

\*     \*     \*     \*     \*     \*

> [T]his court finds that it is not clear that the Commissioner considered all the evidence, rather than only the medical evidence, when reaching his conclusion as to whether the claimant met her burden to prove the connection between the work injury and the claimant's psychological condition. Nor is it clear whether the Commissioner found the claimant's condition was actually disabling rather than exaggerated or magnified by the claimant.

We agree with the district court. This case must be reversed and remanded for the industrial commissioner to make the determination as to disability and its cause and extent after considering all the evidence and applying the law, including the principles discussed below which, as far as the commissioner's appeal decision indicates, were not considered in the commissioner's decision.

In *Deaver v. Armstrong Rubber Co.*, 170 N.W.2d 455 (Iowa 1969), the supreme court upheld a worker's compensation award for a manic depressive psychosis caused by an unscheduled injury to the claimant's head. As recently discussed in *Mortimer*, the court in *Deaver* determined that the meaning of "injury" for workers' compensation purposes includes mental ailments and nervous conditions in addition to physical wounds. The *Mortimer* court stated:

> [In *Deaver* ], [t]he award was for permanent partial disability to the body as a whole to the extent of twenty-five percent. Faced with having to determine the meaning of "injury" for workers' compensation purposes in this context, this court turned to a sister state's definition of the term:
>
> > [T]he term "injury" as used in the [Indiana] Workers' Compensation Act ... is broader than mere reference to some objective physical break or wound to the body, but includes also the consequences therefrom, *including mental ailments or nervous conditions.*

*Deaver,* 170 N.W.2d at 466 (citing *Sollitt Constr. Co. v. Walker,* 127 Ind.App. 213, 220, 135 N.E.2d 623, 627 (1956)) (emphasis added).

*Mortimer,* 502 N.W.2d at 15.

The *Mortimer* court continued:

[T]his court has consistently held that psychological conditions resulting from work-related physical trauma are compensable. *Deaver,* 170 N.W.2d at 466 (head injury caused manic depressive psychosis); *Coghlan v. Quinn Wire & Iron Works,* 164 N.W.2d 848, 853 (Iowa 1969) (back injury aggravated, accelerated, or precipitated a manic depressive psychotic condition); *Gosek v. Garmer & Stiles Co.,* 158 N.W.2d 731, 737 (Iowa 1968) (back injury triggered neurosis). The rationale for the rule is that

> [w]hen there has been a compensable accident, and claimant's injury related disability is increased or prolonged by a trauma connected neurosis or hysterical paralysis, all disability, including effects of any such nervous disorder, is compensable.

*Gosek,* 158 N.W.2d at 733. *See also,* 1B Arthur Larson, *The Law of Workmen's Compensation* § 42.22(a), at 7–832 (1993) ("[W]hen there has been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis, conversion hysteria, or hysterical paralysis, it is now uniformly held that the full disability including the effects of the neurosis is compensable."); 82 Am.Jur.2d *Workers' Compensation* § 317, at 341–42 (1992).

*Mortimer,* 502 N.W.2d at 16.

In accordance with the above discussion, we affirm the district court's judgment reversing and remanding the industrial commissioner's decision, dated August 30, 1991, for further consideration consistent with this opinion and the district court's judgment on judicial review.

AFFIRMED.