Breedy *v.* Sharp & Shearer, Inc., et al.

Argued December 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*John F. McElvenny*, with him *Henry F. Furman* and *Clifford V. Long*, for appellants.

*Joseph E. DeSantis*, with him *David J. Batdorf* and *McGavin, DeSantis & Koch*, for appellee.

OPINION BY JUDGE WILKINSON, December 20, 1972:

On March 7, 1969, claimant-appellee suffered a compensable accident which was described in the agreement for compensation signed on March 17, 1969, and approved on May 7, 1969, as follows: "Spilled a pile of cardboards, stooped to pick them up and in so doing pushed aside the guard on the drive shaft permitting it to catch her hair. Scalp was torn from head by pressure of hair being pulled." In addition, the testimony before the Referee developed that her ear was torn off completely. The ear was sewed back on and plastic surgery performed. Compensation was paid under the agreement from March 15, 1969, until November 28, 1969, at which time the insurance carrier discontinued payments.

On June 16, 1970, claimant-appellee filed a Petition for Modification of the compensation agreement alleging continued total disability. The insurance carrier filed an answer on August 7, 1970, denying claimant-appellee had been or was then totally disabled and alleging, on the contrary, that claimant-appellee could work without disability, loss of earnings, or loss of earning power and demanding proof of any claimed disfigurement of any part of the body. At the same time, the insurance carrier filed a Petition to Terminate the agreement. On August 19, 1970, claimant-appellee filed her answer to the insurance carrier's Petition to Terminate.

On May 5, 1971, after two continuances granted at the request of claimant-appellee's attorney, the matter was heard by the Referee on both claimant-appellee's

Petition for Modification and insurance carrier's Petition for Termination. The insurance carrier presented testimony of its medical expert and the claimant-appellee testified together with her medical expert. The Referee found as facts that the claimant-appellee was totally disabled and that the injury had not resolved itself into specific loss. As a conclusion of law, the Referee found that the claimant-appellee had established that she was totally disabled. He ordered that compensation in accordance with the agreement of $48.70 per week be paid from November 29, 1969, the date the insurance carrier had unilaterally discontinued payments.

On August 13, 1971, the insurance carrier took an appeal to the Workmen's Compensation Board specifying that the Referee erred in finding claimant-appellee was totally disabled; that claimant-appellee's injury had not resolved itself into a specific loss; that claimant-appellee suffered "phantom pain"; and that claimant-appellee had any injury beyond disfigurement. Assignment of error was taken to the conclusion of law that there was total disability and that the disability had not resolved itself into a specific loss. On June 1, 1972, the Board, in a carefully considered opinion, reviewed the testimony of the witnesses and affirmed the finding of the Referee. We agree.

As to total disability, there is total agreement by all witnesses. The only factual dispute revolves around whether the total disability is solely the result of disfigurement and, therefore, covered by Section 306(c)(22) of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. III, as amended, 77 P.S. 513. This Section provides:

"(c) For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

"(22) For a serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not unusually incident to the employment 66 2/3% of the wages not to exceed 150 weeks."

Appellant relies on *Lente v. Luci,* 275 Pa. 217, 119 A. 132 (1922) and *Yanik v. Pittsburgh Terminal Coal Corporation, et al.,* 150 Pa. Superior Ct. 148, 27 A. 2d 564 (1942). Appellant's position would be sound if the Referee and Board had found that claimant-appellee's disability to work was the result of disfigurement. We will not say that such could not have been the finding or that this Court, in a proper case, could not reverse the Board and make such a finding a conclusion of law. Be that as it may, this certainly is not such a case. We will not attempt to specify all the evidence that shows otherwise, but would point out that the great pain, the genuine existence of which was testified to by the medical experts on both sides, was not coming from the disfigurement area. All agreed that there was "total anesthesia to pain over the area of the scalp that is denuded." Indeed, these are the words of insurance carrier's medical expert. Even more specifically, claimant-appellee states that she has dizzy spells and that any loud noises cause her excessive discomfort in the area of the ear which was severed in this accident.

Both medical experts testified that a continued period of recovery could and indeed probably would result in improvement.

This case has received the very careful and expert attention of well-qualified medical experts, able legal counsel for all parties, the thorough consideration of the Referee, and a thoughtful review by the Board. The serious nature of the injuries and the legal questions involved deserved no less.

The threshold question here is one of fact. Have the injuries causing the total disability resolved themselves to resulting solely from the disfigurement? Since the Board found, based on competent evidence, that the injuries had not thus far so resolved themselves, it was justified in dismissing the insurance carrier's appeal.

A well-reasoned and ably presented analysis of the law applicable here is contained in Judge SPAULDING'S opinion in *Marshall v. Altoona, et al.*, 208 Pa. Superior Ct. 465, 222 A. 2d 408 (1966). It more than amply supports the Referee's, the Board's, and our position in this case.

Accordingly, we make the following

### ORDER

AND Now, this 20th day of December, 1972, the Order of the Workmen's Compensation Board, filed June 1, 1972, affirming the Referee's Findings of Fact and Conclusions of Law in the above noted case, is affirmed.