David Andrew Dumm, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Allegheny Harvestors, Inc. and Aetna Casualty Insurance Company, Respondents.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*Andrew M. Miller,* for petitioner.

*Carl B. Fried,* with him *Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE MENCER, May 15, 1979:

On September 18, 1973, David Andrew Dumm (claimant) suffered a compound fracture of the radius and ulna of his right arm during the course of his employment with Allegheny Harvestors, Inc. (employer). Claimant received workmen's compensation benefits relative to this injury, at the rate of $100 per week, for the period of September 19, 1973 through June 3, 1976. On October 17, 1975, the employer filed a petition to review the compensation agreement and averred therein that claimant was no longer disabled and, following hearing on the employer's request that the petition operate as a supersedeas, a supersedeas was granted, effective June 4, 1976.

The employer presented medical testimony, which the referee accepted and found as fact, that claimant suffers a 15 to 20 percent disability to his right arm due to some weakness in his grip and some weakness in abduction. Claimant is able to use his hand with a 90 percent range of motion and function. We do not understand that these findings by the referee are challenged in this appeal.

When the employer is the moving party to review a compensation agreement, he has the burden of showing that the disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work. *Workmen's Compensation Appeal Board v. Pennsylvania*

*School Boards Association*, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). Our scope of review in a workmen's compensation case, where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, is a limited one. We must determine only whether or not constitutional rights were violated, an error of law committed, or a necessary finding of fact was unsupported by substantial evidence, leaving questions of evidentiary weight and credibility to the referee. *Mikalonis v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976).

Here the claimant is 35 years of age and is the recipient of a bachelor of arts degree awarded by Ohio State University and a master's degree in philosophy awarded by Ohio University. He has completed most of the requirements for a doctorate degree from Duquesne University. He has teaching experience at Ohio University and Thiel College. The employer presented the testimony of Cyril Getsie, a vocational consultant with more than 20 years' background as an employment counselor and job-placement specialist. Mr. Getsie, after establishing his familiarity with the claimant's physical condition, education, and past employment, stated that the claimant would be able to physically perform teaching duties. He opined that claimant has the educational qualifications to be an instructor in private and parochial schools and to obtain employment in sales or management capacities and with governmental agencies. He testified that such job opportunities exist within the Sharon and Farrell area and that, although 3900 persons are already employed in this area by the state and local governments, the Bureau of Corrections, at the time of the referee's hearing, was searching for teachers and the Department of Public Welfare was seeking the services of teachers' aides.

Thus, the record establishes that Mr. Getsie was of the view that there are many jobs that claimant is capable of performing that are available to him in the area in which he resides. Further, the record supports the referee's findings of fact that "there were several jobs available in the Sharon area which the claimant was capable of performing" within his physical limitations.[1] Although the burden is upon the employer to prove that work within the injured employe's capability is available to him, such burden does not require the employer to prove that a specific job was offered the employe and rejected by him. *Don-Mark Realty Co. v. Milovec*, 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974).

When viewed in the perspective of our limited scope of review, we are unable to conclude that the factfinder erred on this record in deciding that the employer had met its burden of proof in showing that claimant's disability has been reduced and work is available to the claimant which he is capable of doing. Since such available work would result in no

---

[1] The claimant relies heavily on our holding in *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association*, *supra*, wherein we held that the employer failed to carry its burden of showing that claimant was capable of doing the work that was available. We stated in that case that "[i]n deciding whether an employer has met his burden on the question of the claimant's capacity to do other work, the factfinder must resolve differences in the testimony, and we are bound by his decision." It is true that in the present case the claimant testified regarding his emotional condition and that on one occasion in April of 1976 he had sought the professional advice of a psychiatrist, Dr. Bernado, of Youngstown, Ohio, who had informed him that he (claimant) was 100 percent disabled. The claimant's response to Dr. Bernado's evaluation was, "I don't agree with that." Here, unlike in *Pennsylvania School Boards Association*, the referee accepted the job development specialist's testimony over the claimant's testimony, and our review of the record does not disclose that it was error for the referee to have done so.

lost wages to claimant, the employer is entitled to a suspension of compensation until such time as the claimant's disability changes in extent or nature within the meaning of The Pennsylvania Workmen's Compensation Act.[2]

ORDER

AND Now, this 15th day of May, 1979, the order of the Workmen's Compensation Appeal Board, entered February 23, 1978, affirming the referee's findings of fact, conclusion of law, and order suspending compensation to David Andrew Dumm and dismissing David Andrew Dumm's appeal, is hereby affirmed.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.