Colt Industries, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Eli McCullough, Respondents.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Roy F. Walters, Jr., Fried, Kane, Walters and Zuschlag,* for petitioner.

*Edwin H. Beachler,* with him *Richard G. Spagnolli* and *William R. Caroselli,* of *McArdle, Caroselli, Spagnolli & Beachler,* for respondents.

OPINION BY JUDGE BLATT, May 14, 1980:

Colt Industries (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order awarding compensation to Eli McCullough (claimant).

The claimant had worked at the coke batteries of Crucible Steel (a division of the petitioner organization) for approximately 28 years. He was discharged at the age of 62 in May of 1975 as a result of a fight with his foreman, and he admits that, at the date of his discharge, he was not disabled. Approximately 18 months after his discharge, however, he notified the petitioner that he was disabled due to pneumoconiosis.

The petitioner's examining physician, Dr. Michael Wald, testified by way of deposition that the claimant was permanently disabled as a result of chronic bronchitis and pneumoconiosis, and that' these conditions were the result of inhalation of dust at the coke batteries. The referee concluded that, pursuant to Sections 108 and 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§27.1 and 411(2), the claimant had suffered a partial disability as a result of his employment with the petitioner and ordered the petitioner, a self-insured company, to compensate the claimant in the amount of $151.67 per week.

The petitioner raises two issues in this appeal. First, it contends that, because the claimant was discharged for a disciplinary infraction, his physical condition should have been assessed at the date of his discharge for the purposes of determining the existence of a compensable injury or disease. Second, the petitioner argues that the referee's finding of disability was not based on substantial evidence. In disposing of these issues, we bear in mind that our review is limited to a determination of whether or not the petitioner's constitutional rights were violated, an error of law was committed, and, because the party with the burden of proof prevailed below, whether or not the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Dumm v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 594, 401 A.2d 415 (1979).

With regard to the petitioner's first contention, we note that an employee who is injured while outside the scope of his employment is ineligible for workmen's compensation, Section 301(a) of the Act, 77 P.S. §431, and it also has been held that if the proximate cause of the injury is the employee's deliberate vio-

lation of the employer's rules, the injury may be held to have occurred outside the course of employment, *Walker v. Nu-Car Carrier's, Inc.*, 164 Pa. Superior Ct. 246, 63 A.2d 484 (1949). In the present case, however, the referee found that the claimant's disability due to pneumoconiosis and bronchitis occurred in the course of his employment and, clearly, the diseases were not a result of the alleged disciplinary infraction.

The alleged disciplinary infraction is irrelevant for the purpose of determining when the disability occurred, for Section 301(c) of the Act, 77 P.S. §411 (2), expressly provides that an employee may claim disability for an occupational disease which occurs within 300 weeks after the last date of employment. The Act does not state that an employee who is discharged for a disciplinary infraction must show that his disability occurred prior to his discharge.

In support of its second contention, that the claimant's disability was not a direct result of his employment, the petitioner points to evidence that the claimant had been a heavy smoker for 40 years and that the petitioner's physician testified that the claimant did not suffer from pneumoconiosis. This evidence, however, was clearly contradicted by the claimant's physician who diagnosed the claimant's condition as chronic bronchitis and pneumoconiosis and who stated that the claimant's condition was the result of inhaling fibrogenic dusts. This testimony, especially as considered in connection with the claimant's testimony that he had worked at the coke batteries for 28 years and was often exposed to coke and coal dusts, clearly supports the referee's finding. Findings of medical causation in a workmen's compensation case are for the compensation authorities to make, and the rejection by the referee of the testimony of an examining physician in favor of the conclusion of another examining physician is not a basis for reversal. *Work-*

*men's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975).

We must therefore affirm the Board's order.

## ORDER

AND Now, this 14th day of May, 1980, the order of the Workmen's Compensation Appeal Board in the above case is affirmed, and it is further ordered:

THAT judgment be entered in favor of Eli McCullough against Colt Industries in the amount of $151.67 per week beginning on April 20, 1977 and continuing for a period not to exceed 500 weeks, with interest on deferred payments to be made in accordance with the law, and,

THAT attorney fees in the amount of $3,155.36 be paid by Eli McCullough to Richard G. Spagnolli, Esquire, and Colt Industries is directed to deduct this amount from the compensation due to Eli McCullough at the rate of $30.34 per week for a period of 104 weeks beginning April 20, 1977, and forward such amount to the attorney, and,

THAT Colt Industries shall reimburse Richard Spagnolli, Esquire, in the amount of $412.75 for the expenses itemized by the referee below.