Robert Sabina Manufacturing Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Umberto Goffi, Respondents.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

J. *Lawson Johnston,* with him *Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote,* for petitioner.

*Frank A. Conte,* for respondent, Umberto Goffi.

OPINION BY JUDGE ROGERS, December 24, 1980:

Umberto Goffi (claimant), a sixty-five year old machinist, suffered the amputation of portions of the middle three fingers of his left hand in two punch press accidents during his employment with Robert Sabina Manufacturing Company (Sabina). Goffi and Sabina entered into a workmen's compensation agreement which provided benefits for total disability.[1] More than a year later Sabina filed a petition to modify or terminate the agreement arguing that Goffi's injuries had resolved themselves into a specific loss within the exclusive compensatory purview of Section 306(c) of the Workmen's Compensation Act,[2] under which Goffi's period of eligibility for

---

[1] Sabina argues that the agreement is ambiguous as to whether benefits for specific loss or total disability were originally contemplated. However, we note that the form agreement used by Sabina required Section 306(c) specific losses to be explicitly denominated as such and that such denomination is absent.

[2] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

benefits was exhausted. In the alternative. Sabina contended that Goffi's disability was no longer total and that his benefits should be correspondingly reduced. After a series of hearings Sabina's arguments were rejected by a referee. The Workmen's Compensation Appeal Board (Board) remanded for the presentation of additional testimony following which the prayers of Sabina's petition were again denied. The Board affirmed. This appeal followed.

The question is whether there was an error of law or whether the referee capriciously disregarded the evidence in denying the employer's petition. We affirm.

Medical testimony indicates that Goffi continues to suffer from pain in his hand, arm, neck and back directly attributable to the finger amputations. In addition, the usefulness of Goffi's injured hand beyond the point of amputation is further limited by widespread numbness and extreme sensitivity to cold. While, as a general matter, the specific loss of fingers by amputation is compensable under Section 306(c); where, as here, competent medical evidence establishes separate and distinct disability extending to other parts of the body resulting from the specific loss, an award of total disability benefits under Section 306(a) may be warranted. *Martin Trucking Company v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 174, 422 A.2d 1225 (1980); *Workmen's Compensation Appeal Board v. Brockway Glass,* 21 Pa. Commonwealth Ct. 444, 346 A.2d 916 (1975); *Carnovale v. Supreme Clothes, Inc.,* 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973); *Breedy v. Sharp & Shearer, Inc.,* 7 Pa. Commonwealth Ct. 369, 298 A.2d 702 (1972); *Groncki v. Allegheny Pittsburgh Coal Co.,* 204 Pa. Superior Ct. 465, 205 A.2d 624 (1965).

It was found that Goffi's disability continued to be total and thus rejected Sabina's second argument.

Our careful review of the record discloses substantial evidence supporting this finding. Goffi's treating physician testified repeatedly that Goffi's permanent inability to use the injured hand for grasping, lifting or pulling rendered a return to his former employment impossible. The testimony of Sabina's medical expert, while conflicting on some minor particulars, was not to the contrary. No evidence was introduced by Sabina of alternative employment and in the absence of such evidence a modification petition must be denied. *Dumm v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 594, 401 A.2d 415 (1979) ; *U.S. Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 308 A.2d 200 (1973).

Accordingly, we enter the following:

ORDER

AND Now, this 24th day of December, 1980, the decision of the Workmen's Compensation Appeal Board is affirmed.