Penn Mar Foundries, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Joseph R. Albright), Respondents.

Submitted on briefs May 11, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*George C. Werner, Barley, Snyder, Cooper & Barber,* for petitioners.

*Wilson H. Oldhouser,* for respondent, Joseph R. Albright.

OPINION BY JUDGE BARBIERI, February 26, 1983:

The Claimant in this Workmen's Compensation case, Joseph R. Albright, suffered a compensable injury on October 29, 1973 for which compensation was paid for total disability and for specific loss, with some amputation of his left foot, which resulted in payment for loss of use of the entire left foot. The present case arises on Claimant's petition to modify the specific loss agreement to provide for reinstitution of total disability benefits. The referee granted relief and awarded compensation for total disability. On appeal by defendants, the Workmen's Compensation Appeal Board affirmed. This appeal followed. We affirm.

Our review of the record indicates that the pertinent findings of fact entered by the referee and affirmed by the Board are supported by substantial evidence. These findings establish that, as a result of the injury and amputation, Claimant's foot is so everted that it is unstable and deprives him of the ability to stand for "any length of time;" that he has pain on the right side of his hip caused by the eversion and also by damage to a nerve ending suffered in the original injury; that the leg is also atrophied. Medical

testimony to support these findings was produced by the Claimant in the testimony of his physician, Dr. Luke K. Remley. Defendant's medical witness, Dr. John J. Danyo, gave testimony in which he denied that Claimant's disability extended beyond the foot, but his other testimony, as found by the referee, substantially supports that of Claimant's medical witness. On cross-examination he stated that the eversion of the foot described by Claimant's medical witness was accompanied by an overlying emotional malady known as causalgia which caused the Claimant pain and discomfort and he admitted that the Claimant could not return to his previous employment, but would be a candidate for sedentary work. The referee found, also, that the Claimant has developed a psychological problem over the loss of his foot that manifests itself in a phantom-type pain which is disabling to the Claimant and that the unusual gait caused by the injury and amputation have left Claimant with pain and discomfort in parts of his body other than the foot, including the leg and hip. There is also a finding, supported by the testimony, that Claimant is "disabled from pain that is psycho-somatic [sic] in nature and from pain in his leg and hip related to his inability to ambulate properly."

The referee's key conclusion of law, No. 4, is as follows:

4. Because the Claimant is suffering from a disability that is separate and distinct from that which normally follows the loss of a foot and affects the other parts of the Claimant's body, the Claimant is entitled to compensation for total disablity.

It is a familiar workmen's compensation principle, uniformly followed since our Supreme Court's decision in *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922), that a claimant may not be restricted to benefits provided

for losses under Section 306(c) where other parts of the body have been injured or affected so as to produce compensable disability under Sections 306(a) or 306(b) of The Workmen's Compensation Act.[1] *See Killian v. Heintz Div. Kelsey Hayes*, 468 Pa. 200, 360 A.2d 620 (1976); *Robert Sabina Mfg. Co. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 584, 423 A.2d 1115 (1980); *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973).

As noted above, there is substantial evidence to support the findings that Claimant is totally disabled as a result of disabling conditions due to the original injury, but extending to parts of the body other than the injured foot; and that these conditions, other than loss of the foot, result in total disability. Although the defendant's medical witness, Dr. John J. Danyo, felt that Claimant could do sedentary work, no evidence of alternate employment that would be suitable and available was adduced by defendant.

For the foregoing reasons, the referee's award, as affirmed by the Board, must be affirmed.

ORDER

Now, August 26, 1983, the order of the Workmen's Compensation Appeal Board, dated October 14, 1981, at Docket No. A-81492, is affirmed.