845 P.2d 861

Joseph GORDON, Claimant–Appellee,

v.

DENNISSON DOORS, INC. and The New Mexico Property and Casualty Guaranty Association (formerly Rockwood Insurance Company), Respondents–Appellants.

No. 13333.

Court of Appeals of New Mexico.

Dec. 21, 1992.

Kevin J. Hanratty, Hanratty Law Firm, Artesia, for claimant-appellee.

F. Michael Hart, Eaton & Hart, P.C., Albuquerque, for respondents-appellants.

## OPINION

FLORES, Judge.

Employer appeals a workers' compensation order awarding claimant permanent partial disability benefits. The award of partial disability benefits was based on a combination of amputation of an index finger and part of a thumb, phantom pain, and secondary depression. Employer contends that claimant did not have an injury separate and distinct from the amputation of the finger and thumb and is entitled only to benefits pursuant to the scheduled injury section of the Workers' Compensation Act. *See* NMSA 1978, § 52-1-43 (Repl.Pamp.1987). We are persuaded that, in this case, the record supports the determination of the workers' compensation

judge (WCJ) that claimant's pain and secondary depression were injuries separate and distinct from the amputation and claimant is entitled to partial disability benefits.

On June 9, 1988, while working as a carpenter, claimant was injured. The injury resulted in amputation of his index finger and part of the thumb on his left hand. In addition to reconstructive surgery to his hand, claimant received extensive psychological and psychiatric treatment after the accident. For a couple of years, employer paid total disability benefits and all of claimant's medical expenses. In 1990, employer refused to pay medical benefits and claimant filed a claim with the workers' compensation administration for payment of unpaid medical bills and total disability benefits. After a formal hearing, the WCJ found that claimant had suffered a compensable injury to his left hand. The WCJ also found claimant suffered from disabling pain as a result of the accident. The WCJ determined that in addition to the impairment to his left hand, claimant suffered impairment to separate and distinct parts of the body. Those separate impairments were phantom pain and secondary depression. As a result of the WCJ finding separate impairments, claimant was awarded partial permanent disability benefits rather than scheduled injury benefits.

◼ In order to be entitled to partial disability benefits rather than scheduled injury benefits, claimant must first show that the loss or loss of use of a specific body member has caused a separate and distinct disability or impairment to a part or parts of the body other than the specific member injured. *Harrison v. Animas Valley Auto & Truck Repair*, 107 N.M. 373, 758 P.2d 787 (1988). The Workers' Compensation Act does not compensate for non-disabling pain. *Tafoya v. Leonard Tire Co.*, 94 N.M. 716, 717, 616 P.2d 429, 430 (Ct.App.1980); *Gomez v. Hausman Corp.*, 83 N.M. 400, 402, 492 P.2d 1263, 1265 (Ct.App.1971). "The question of whether a separate and distinct impairment exists is one for the fact finder to determine." *Beltran v. Van Ark Care Ctr.*, 107 N.M. 273, 275, 756 P.2d 1, 3 (Ct.App.1988).

Our review is to determine whether the evidence was sufficient on the record as a whole to support the determination of the fact finder. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988).

◼ Here, the WCJ found that beyond his scheduled injury claimant suffered separate and distinct impairments resulting from phantom pain and secondary depression. Employer does not appear to argue that there was insufficient evidence to support the findings of the WCJ regarding the separate and distinct impairment from pain. It contends instead that pain cannot be a separate and distinct injury that would remove claimant from the scheduled injury section. Section 52–1–43. Employer argues that pain is not an injury, but simply the body's reaction to actual physical harm. Medically, that is true. However, under New Mexico workers' compensation law, pain can be an injury that is disabling so as to allow benefits for a work-related accident. *See Herndon v. Albuquerque Pub. Schs.*, 92 N.M. 635, 593 P.2d 470 (Ct.App. 1978). Therefore, there is no support for employer's argument that pain is not an injury. It is true that there is New Mexico case law to the effect that pain associated with an injury is not a separate and distinct impairment. *See Hise Constr. v. Candelaria*, 98 N.M. 759, 652 P.2d 1210 (1982); *Sisneros v. Breese Indus., Inc.*, 73 N.M. 101, 385 P.2d 960 (1963). Those cases, however, were decided prior to the full development of the distinction between impairment of the scheduled member and impairment to other parts of the body as a result of injury to the scheduled member. Those cases also were decided on the basis that the pain was not incapacitating or was the kind of pain normally associated with the injury.

◼ We agree with employer that not all pain is sufficient to support a finding that such pain constitutes a separate and distinct impairment. Further, we recognize that since every injury is accompanied by pain, there would never be an injury falling into the scheduled injury section if we were to hold that all pain is a separate and

distinct injury. This result is absurd and clearly was not envisioned by the legislature. *Gonzales v. Lovington Pub. Schs.,* 109 N.M. 365, 785 P.2d 276 (Ct.App.1989) (this court will not interpret statutes in a manner that produces absurd results).

We do, however, believe that certain pain associated with a physical injury can be of such a nature as to be a separate and distinct impairment. Where there is evidence indicating that pain associated with a physical injury is disabling in nature, such pain may constitute a separate and distinct impairment. *See Harrison,* 107 N.M. at 375, 758 P.2d at 789 (Ransom, J., special concurrence); *see also Southern Farm Bureau Casualty Ins. Co. v. Aguirre,* 690 S.W.2d 672 (Tex.Ct.App.1985). We agree with Justice Ransom that incapacitating pain is a disability. It affects the whole person and limits or prevents a claimant from doing the work he or she did prior to the physical injury.

It is for the fact finder to determine whether the pain is so incapacitating as to make it a separate and distinct impairment. *Cf. Beltran,* 107 N.M. at 275, 756 P.2d at 3 (whether separate impairment exists constitutes issue of fact). Here, employer argues that the pain being suffered by claimant is not extreme, excessive, or unusual for the injuries he sustained. There was testimony to the effect that phantom pain is suffered by 90 to 100% of all amputees. The doctors testified that such pain decreases over time. However, there was some indication that pain or sensitivity will always be present in association with this injury. Further, claimant testified regarding the pain he was experiencing.

Employer argues that there is no way for the fact finder to objectively determine to what extent the worker feels pain. We do not agree. Where, as here, there is evidence that the injury sustained by claimant gave rise to severe pain requiring that he receive medical treatment, including reasonable and necessary psychological or psychiatric care to enable him to cope with pain, this evidence is sufficient to permit the WCJ to find that claimant's pain is disabling in nature.

Here, there was evidence that the pain being suffered by claimant required special psychological and psychiatric treatment, not only for the pain but also for the depression caused by the pain. Employer concedes that claimant suffered from mental impairment, but contends it was only in association with the hand injury and that such mental impairment has already been compensated. Employer argues claimant is entitled to benefits for only 125 weeks because the partial disability was based on the combination of a scheduled injury and a mental impairment. *See* NMSA 1978, § 52–1–42 (Repl.Pamp.1987). We do not agree that the partial disability was based solely on the secondary mental impairment. The partial disability included the impairment from pain. Therefore, employer's argument for a limitation of the benefits is without merit.

We hold that incapacitating pain can be an impairment separate and distinct so as to remove a disability from the scheduled injury section of the statute. Here, there was sufficient evidence for the WCJ to have found that the pain claimant suffered was incapacitating and, therefore, a separate and distinct impairment removing the claim for benefits from the scheduled injury section. The WCJ's award of permanent partial disability benefits is affirmed.

Claimant requests an award of attorney fees on appeal. Claimant is entitled to an award of reasonable attorney fees if he is awarded compensation, medical, or related benefits, and successfully upholds such award on appeal. *See Mathis v. Trailways Lines, Inc.,* 111 N.M. 292, 804 P.2d 1111 (Ct.App.1990). Claimant is awarded attorney fees on appeal in the amount of $1500.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.