Schlena A. DOWELL n/k/a Schlena A. Sojka, Appellant,

v.

Edwin WAGLER d/b/a Ed's Super Value, and United Fire & Casualty Company, Appellees.

No. 93–40.

Court of Appeals of Iowa.

Oct. 5, 1993.

Steven J. Swan and J.W. McGrath of McGrath & McGrath, P.C., Keosauqua, for appellant.

John C. Stevens of Lewis & Stevens, P.C., Muscatine, for appellees.

Heard by DONIELSON, P.J., SCHLEGEL, J., and KEEFE, Senior Judge.*

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

DONIELSON, Presiding Judge.

Schlena Dowell, now known as Schlena Sojka, sustained an injury arising out of and in the course of her employment on March 17, 1988. Sojka was putting meat through a meat grinder when her right hand and arm became caught in the grinder. Sojka's right arm was amputated just below the elbow. She sustained a ninety percent functional impairment of her right upper extremity and has been paid permanent partial disability benefits pursuant the statutory schedule. *See* Iowa Code § 85.34(2)(m) (1989).

Sojka filed an original notice and petition with the industrial commissioner seeking additional benefits. She argued that as a result of the amputation of her right arm, she sustained an injury to her central nervous system. Sojka suffers from phantom pain syndrome. When input from a limb is removed, as through amputation, the very loss of input from that limb stimulates a sense of pain localized at the lost limb's former situs. Sojka's treating physician, Dr. Marc Hines, opined that due to the amputation and the phantom pain syndrome, she sustained a sixty-seven percent impairment to the body as a whole.

Following an arbitration hearing, a deputy industrial commissioner filed a proposed decision. The deputy found that Sojka failed to prove that her scheduled member injury extended into the body as a whole. Sojka appealed the deputy's decision. The industrial commissioner affirmed the decision and adopted it with some modifications as the final agency action in the case.

Sojka filed a petition for judicial review. The district court affirmed the industrial commissioner's decision. The district court found that although Sojka suffers from phantom pain syndrome, she is only entitled to compensation under the schedule. Sojka appeals.

■ This appeal results from a contested case state agency proceeding. *See* Iowa Code § 17A.2(2), (5) (1989). In "contested case" proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7). The district court, when exer-

cising the power of judicial review over agency action, is functioning in an appellate capacity to correct errors at law. Iowa Code § 17A.19(8); *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984). Our review of the district court's decision is limited to correction of errors at law. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence. Iowa Code § 17A.19(8)(f) (1993). Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 91 (Iowa 1982). It is ultimately the duty of the court to determine matters of law including the interpretation of a statute or agency rule interpreting a statute. Iowa Code §§ 17A.19(8)(a), (e); *Cosper v. Iowa Dep't. of Job Serv.*, 321 N.W.2d 6, 10 (Iowa 1982).

■ In order to evaluate the decision of the industrial commissioner and its review by the district court, we must first interpret Iowa Code chapter 85 concerning workers' compensation. Then we can determine whether the commissioner and the court correctly applied the applicable statutory provisions.

> Our ultimate goal is to determine and effectuate the intent of the legislature. We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than defeat, the legislature's purpose.

*Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). Our policy is to construe workers' compensation statutes liberally in favor of the worker. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 17 (Iowa 1993); *Beier*, 329 N.W.2d at 283.

Iowa Code section 85.3(1) provides compensation "according to the provisions of this chapter *for any and all personal injuries* sustained by an employee arising out of and in the course of the employment." (Emphasis added.) This refers to injuries which occur "not through the natural building up

and tearing down of the human body, but because of a traumatic or other hurt or damage to the health or body of an employee." *Almquist v. Shenandoah Nurseries,* 218 Iowa 724, 732, 254 N.W. 35, 39 (1934). The injury contemplated by the statute "is broader than mere reference to some objective physical break or wound to the body, but includes also the consequences therefrom, including mental ailments or nervous conditions." *Deaver v. Armstrong Rubber Co.,* 170 N.W.2d 455, 466 (Iowa 1969).

▇▇ Section 85.34(2) divides permanent partial disability into scheduled and unscheduled loss. Paragraphs (a) through (t) provide benefits for scheduled injuries such as the loss of a hand or arm. Paragraph (u) provides benefits for unscheduled injuries, which are based on injury to the body as a whole. The supreme court has approved the use of functional and industrial methods of determining disability within appropriate classifications of section 85.34(2). *Simbro v. Delong's Sportswear,* 332 N.W.2d 886, 887 (Iowa 1983). Functional disability is limited to the "loss of physiological capacity of the body or body part" and is determined solely by the impairment of the body function. *Id.* Industrial disability is "not bound to the organ or body incapacity, but measures the extent to which the injury impairs the employee in the ability to earn wages." *Id.* Functional disability is only one factor in determining industrial disability. Other factors include the employee's age, education, qualifications, experience, and the inability to engage in suitable employment. *Id.*

▇▇ When the injury is to some scheduled member and also to parts of the body not included in the scheduled list "the resulting disability is compensated on the basis of an unscheduled injury." *Lauhoff Grain v. McIntosh,* 395 N.W.2d 834, 837–39 (Iowa 1986); *Barton v. Nevada Poultry Co.,* 253 Iowa 285, 291–93, 110 N.W.2d 660, 664 (1961); *Dailey v. Pooley Lumber Co.,* 233 Iowa 758, 763–65, 10 N.W.2d 569, 572–73 (1943). The unscheduled injury can even be a psychological condition resulting from work-related physical trauma. *Deaver,* 170 N.W.2d at 466; *Coughlan v. Quinn Wire & Iron Works,* 164 N.W.2d 848, 853 (Iowa

1969); *Gosek v. Garmer & Stiles Co.,* 158 N.W.2d 731, 737 (Iowa 1968).

When dealing with the scheduled injuries in section 85.34(2) paragraphs (a) through (t), the location of the injury determines the schedule of payments. *Mortimer,* 502 N.W.2d at 17. The industrial commissioner determined appellant's payments under paragraph (m). Included in the legislature's system of scheduled injuries are the "ensuing natural results upon the body." *Barton,* 253 Iowa at 290, 110 N.W.2d at 663. Paragraph (u), however, "sets no limitation as to the physical location of the injury causing the disability." *Id.*

▇▇ We find no Iowa cases which deal specifically with the issue of phantom pain syndrome or phantom limb pain. Iowa classifies psychological, mental, and nervous conditions as unscheduled injuries compensable under paragraph (u). *Deaver,* 170 N.W.2d at 466; *Coughlan,* 164 N.W.2d at 853; *Gosek,* 158 N.W.2d at 737. We believe the phantom pain which sometimes occurs after amputation is more akin to these types of injuries than it is to a scheduled physical trauma. At least two other jurisdictions have held phantom pain which is severe enough to require medical treatment may be an independent, unscheduled, compensable injury if it causes disability.

The Court of Appeals of New Mexico stated "incapacitating pain can be an impairment separate and distinct so as to remove a disability from the scheduled injury section of the statute." *Gordon v. Dennisson Doors, Inc.,* 114 N.M. 767, 770, 845 P.2d 861, 864 (App.1992). The claimant had an index finger and part of a thumb amputated and suffered from severe, phantom pain. He was awarded scheduled benefits from the amputation and permanent partial disability benefits from the pain. The court noted:

Where, as here, there is evidence that the injury sustained by claimant gave rise to severe pain requiring that he receive medical treatment ... this evidence is sufficient to permit the [agency] to find that claimant's pain is disabling in nature.

*Id.* at 770, 845 P.2d at 864. The court determined that disabling pain is compensable, but

not all pain is sufficient to be a separate and distinct impairment. *Id.* at 769, 845 P.2d at 863.

Pennsylvania also found phantom pain could be disabling. *Penn Mar Foundries, Inc. v. Workmen's Compensation Appeal Bd.*, 76 Pa.Cmwlth. 565, 567, 464 A.2d 670, 671 (1983). The psychological problems and phantom pain from the foot injury were sufficient "to support the findings that Claimant is totally disabled as a result of disabling conditions due to the original injury but extending to parts of the body other than the injured [part]." *Id.* at 567, 464 A.2d at 672. In this case the phantom pain and psychological condition were so severe that the claimant was declared totally disabled. *Id.* at 568, 464 A.2d at 672.

We find these cases instructive and their reasoning persuasive. We believe the approach to phantom pain taken by these courts is in line with the language and intent of our statutory workers' compensation scheme. We therefore hold that phantom pain syndrome or phantom limb syndrome may be compensable under Iowa Code section 85.34(2)(u) as an unscheduled disability. Applying the industrial disability test to a given case will require a determination both of the functional loss to the body as a whole and of the change in earning capacity of the individual. *See Mortimer*, 502 N.W.2d at 14–15; *Simbro*, 332 N.W.2d at 887.

In the case before us the commission did not make any fact findings pursuant to Iowa Code section 85.34(2)(u) because it determined the phantom pain was compensable only under the schedule in paragraph (m). The district court affirmed the industrial commissioner's decision. We therefore reverse the decisions of the district court and the commissioner and remand this case to the commission for appropriate fact findings and application of the statute consistent with this opinion and the guidelines given in *Simbro*, 332 N.W.2d 886; *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181 (Iowa 1980); and *Dailey*, 233 Iowa 758, 10 N.W.2d 569.

Appellees assert the appendix is excessive for the issues presented on appeal. An appellant is to limit the appendix to those parts of the record which are most relevant to the issues raised on appeal. *See* Iowa R.App.P. 15(a), (b). The appendix in this case includes many pages of Dr. Hines' curriculum vitae and medical records unnecessary to our consideration of the issues on appeal. This results in an "unwarranted printing expense and ... an unwarranted reading burden on the members of the appellate courts." *See In re Marriage of Hunt,* 476 N.W.2d 99, 104 (Iowa App.1992) (*citing State v. Oppelt,* 329 N.W.2d 17, 21 (Iowa 1983)). The unnecessary pages amount to approximately one-fourth of the total appendix. We therefore direct appellant to pay one-fourth of the cost of the appendix and appellee to pay the remaining costs of this appeal.

**REVERSED AND REMANDED.**