Mabel C. RILEY, Surviving Spouse and Administrator of the Estate of Larry D. Riley, Deceased, Petitioner–Appellee,

v.

OSCAR MAYER FOODS CORPORATION, Respondent–Appellant.

No. 94–198.

Court of Appeals of Iowa.

March 30, 1995.

Harry W. Dahl of Harry W. Dahl, P.C., Des Moines, for appellant.

Fred D. Huebner of Hopkins and Huebner, Des Moines, for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

This is an appeal from a decision by the district court reversing the industrial commissioner's denial of workers' compensation benefits. We find substantial evidence in the record to support the commissioner's decision, and reverse the district court.

Larry Riley died of a heart attack on the evening of November 13, 1985. He was at home when stricken, and was pronounced dead at a hospital a short time later. Larry was employed as a maintenance department mechanic for an Oscar Mayer packing plant, and had worked until 6:12 on the morning of November 13. He left work early that morning after indicating he did not feel well.

Larry's widow, Mabel, sought workers' compensation death benefits. She claimed Larry's employment aggravated or accelerated his underlying or pre-existing heart condition, and contributed to or hastened his death. After the industrial commissioner ruled that Mabel failed to establish a causal connection between Larry's work activities and his death, Mabel sought judicial review with the district court.

The district court found substantial evidence in the record that Larry performed very heavy work during his last shift. It concluded that this work, when superimposed on his pre-existing heart condition, caused his heart attack and subsequent death. The trial court reversed the decision of the Industrial Commissioner and remanded the case for a determination of benefits.

Oscar Mayer appealed. It claims substantial evidence supported the findings made by the commissioner that Mabel failed to prove the heart attack was work-related, and the district court erred by substituting its findings for those of the commissioner.

## I. Scope of Review

Judicial review of worker compensation cases is at law, not de novo. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 13 (Iowa 1993). This reviewing standard applies to both the initial review in the district court, as well as the subsequent review by the appellate courts. *Id.* It limits judicial interference with a decision of the Industrial Commissioner to the correction of errors at law. *See Dowell v. Wagler*, 509 N.W.2d 134, 136 (Iowa App.1993).

The standard of review prescribed for worker compensation cases recognizes that it is the role of the Industrial Commissioner, not the court, to weigh the evidence. *Holmes v. Bruce Motor Freight Inc.*, 215 N.W.2d 296, 298 (Iowa 1974). Courts are required to give deference to the fact finding role of the agency and must broadly and liberally construe its finding of fact to uphold, not defeat, the decision. *Id.* It is the same respect accorded a jury verdict. *Paveglio v. Firestone Tire & Rubber Co.*, 167 N.W.2d 636, 640 (Iowa 1969).

Review at law means courts are bound by the findings of fact if supported by substantial evidence in the record as a whole. *See Suluki v. Employment Appeal Bd.*, 503 N.W.2d 402, 404 (Iowa 1993). Evidence is substantial if reasonable minds would find it adequate to reach a given conclusion. *Kostelac v. Feldman's Inc.*, 497 N.W.2d 853, 856 (Iowa 1993). Substantial evidence is not absent simply because it is possible to draw different conclusions from the same evidence. *Id.* The focus of the judicial inquiry is whether the evidence is sufficient to support the decision made, not whether it is sufficient to support the decision not made. *Coghlan v. Quinn Wire & Iron Works*, 164 N.W.2d 848, 852 (Iowa 1969). A reviewing court may interfere with the agency's findings only if the evidence is uncontradicted and reasonable minds could not draw different inferences. *Longford v. Kellar Excavating & Grading, Inc.*, 191 N.W.2d 667, 668 (Iowa 1971). Legal error is present under the substantial evidence analysis when an agency reaches a conclusion based on uncontroverted evidence which is contrary to the conclusion reasonable minds would reach. If evi-

dence is in conflict, however, the reviewing court has no room to interfere. *Kostelac*, 497 N.W.2d at 856.

## II. Recovery for Heart Attack

■ Our law allows an employee with a pre-existing heart condition or defect to recover workers compensation for a work related heart attack upon a showing of legal and medical causation. *Briar Cliff College v. Campolo*, 360 N.W.2d 91, 94–95 (Iowa 1984); *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 905–06 (Iowa 1974). The legal test circumscribes the kind of work or exertion which must be present before the injury will be considered to have arisen out of the employment. Arthur Larson, Workmen's Compensation Law § 38.83(a) (6th ed. 1994). It supplies the necessary causation between the work performed and the injury. The medical test requires medical evidence that the exertion or work in fact caused the heart attack. *Id.*

■ In Iowa, the legal causation component of the analysis has been satisfied under one of the three circumstances. The first situation is when heavy exertions ordinarily required by work are superimposed on a defective heart, aggravating or accelerating the pre-existing condition. *Sondag*, 220 N.W.2d at 905. The second situation involves an instance of unusually strenuous employment exertion, imposed upon a pre-existing diseased condition. *Id.* The final situation supporting compensation is when the damage resulted from continued exertions required by the employment after the onset of the heart attack. *Id.* at 906. *See Varied Enterprises, Inc. v. Sumner*, 353 N.W.2d 407, 409 (Iowa 1984).

■ Under the first situation, the contribution of the employment to the risk of heart attack must take the form of an exertion greater than that of nonemployment life. *Sondag*, 220 N.W.2d at 905 (citing Arthur Larson, Workmen's Compensation § 38.83). The comparison is not with the particular employee's usual exertion in his or her employment but with exertions of normal nonemployment life of the particular employee or any other person. *Id.* In the second situation, the comparison is between the employee's normal work exertion and the work performed just prior to the onset of symptoms. *See Guyon v. Swift & Co.*, 229 Iowa 625, 633–34, 295 N.W. 185, 189 (Iowa 1940). Under the final situation, the causal contribution of the employment to the heart attack exists when the employee, for some reason, feels impelled to continue with his or her duties after experiencing symptoms of a heart attack. *Sondag*, 220 N.W.2d at 906.

■ The Industrial Commissioner examined each of the three recognized legal theories of recovery. In each instance, the commissioner found the evidence insufficient to satisfy the test. Although there was conflicting evidence on each issue, the conclusions drawn by the commissioner were clearly supported by substantial evidence.

A co-worker and two supervisors testified that the work performed by Larry on November 12 and 13 was not heavy. The work involved assembling knives, removing plastic from equipment, using hand tools, sliding equipment weighing up to 300 pounds for an unknown distance, and carrying some boxes weighing between 30 and 40 pounds for a short distance. Although room exists to draw a different conclusion, we find that reasonable minds could conclude the exertions Larry experienced at work were not greater than the exertions associated with normal nonemployment life. Physical activity is a normal part of a person's life, and the activity experienced by Larry during his last day of work cannot be considered, as a matter of law, to be greater than the exertions of normal nonemployment life. The trial court exceeded its reviewing authority when it rejected the agency finding and concluded that Larry performed very heavy work.

The commissioner's rejection of the claim under the remaining two legal tests is also supported by substantial evidence. There was ample evidence to show the work Larry performed on his last day was actually less strenuous than his normal work. Moreover, there was substantial evidence that Larry did not feel constrained to continue working after experiencing heart attack symptoms. Larry had missed enough work in the past to be generally worried about the consequences

of missing work in the future, but there was no evidence he felt driven to work on his last shift. In fact, he actually left work early on the morning before his death. Additionally, Larry suffered his heart attack more than 12 hours after he left work, and there was conflicting and uncertain evidence about when symptoms actually began.

█ Substantial evidence also supports the Commissioner's finding that there was insufficient medical causation. Numerous doctors testified there was no causal relationship between Larry's work and his heart attack. There was also evidence that Larry had severe atherosclerosis, and possessed many of the common risks factors for heart disease including obesity, heavy smoking, excessive caffeine intake, high cholesterol, high blood pressure, a congenital heart defect, and a family history of heart disease. A pathologist who reviewed the autopsy report opined that the infarction occurred six to eight hours prior to death, or several hours after Larry left work. There was also conflicting evidence of when the formation of thrombosis occurred which ultimately blocked the flow of blood to his heart. There was substantial evidence to support the agency's alternative finding of no medical causation.

We are required to reverse the decision of the district court. The decision of the Industrial Commissioner is supported by substantial evidence.

**DECISION OF THE DISTRICT COURT REVERSED. DECISION OF THE INDUSTRIAL COMMISSIONER AFFIRMED.**