## IN THE COURT OF APPEALS OF IOWA

No. 14-0141
Filed October 1, 2014

**MARION LINDEN,**
    Petitioner-Appellant,

**vs.**

**TYSON FOODS, INC.,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

A worker appeals from the district court's judicial review decision affirming the workers' compensation commission's decision. **AFFIRMED.**

Willis J. Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

Timothy A. Clausen and Deena A. Townley of Klass Law Firm, L.L.P., Sioux City, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Marion Linden appeals the district court's judicial review decision that affirmed the workers' compensation commissioner's ruling awarding her benefits for a scheduled member injury to her right arm. She asserts the agency incorrectly interpreted the law regarding when a scheduled-member injury becomes a body-as-a-whole injury. She also claims the agency decision is not supported by substantial evidence and should be remanded for the agency to calculate her industrial disability. Because we conclude the agency correctly interpreted the applicable law and substantial evidence supports the agency's decision, we affirm the judicial review decision of the district court.

Linden suffered a severe comminuted facture of her right elbow as a result of a fall at work. The employer accepted the injury and provided benefits for the right upper extremity as a scheduled-member injury. However, Linden asserts the injury has affected her shoulder, converting her scheduled-member injury into a body-as-a-whole injury. *See* Iowa Code § 85.34(2)(m), (u) (2011). The agency disagreed and awarded her disability benefits based only on her right upper extremity impairment. The district court affirmed the agency's conclusions on judicial review, stating the agency "correctly noted '[t]he situs of the impairment is the anatomical location of the physical damage or derangement.'"

Linden first alleges the agency incorrectly interpreted the applicable law regarding when a scheduled member injury converts to a body-as-a-whole

injury.[1]   The agency correctly noted, "An injury to a scheduled member may, because of after effects or compensatory change, result in permanent impairment of the body as a whole.  Such impairment may in turn be the basis for a rating of industrial disability."  *See Lauhoff Grain Co. v. McIntosh*, 395 N.W.2d 834, 837 (Iowa 1986) ("'[T]he great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the scheduled allowance for the lost member is not exclusive.'" (citing 2 A. Larson, *The Law of Workmens' Compensation* § 58.21, at 10–222 to 10–243 (1979)));  *see also Dowell v. Wagler*, 509 N.W.2d 134, 138 (Iowa Ct. App. 1993) (finding phantom pain syndrome may be compensated as an unscheduled injury to the body as a whole which resulted after the worker's arm was amputated below the elbow).  We conclude the agency correctly interpreted the applicable law.

Linden's second claim on appeal is that the agency was wrong when it chose to disbelieve Linden's complaints of pain in her shoulder.  This challenge addresses the agency's factual finding, rather than its legal interpretation.  "The commissioner, as trier of fact, has a duty to weigh the evidence and measure the credibility of witnesses."  *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011).  The agency is also charged with the duty to accept or reject expert testimony.  *Id.*  Our job on judicial review is simply to see if "substantial evidence supports a finding '*according to those witnesses whom the*

---

[1] *See Waldinger Corp. v. Mettler*, 817 N.W.2d 1, 5–6 (Iowa 2012) (outlining the applicable scope and standard of review for judicial review actions that involve the agency's interpretation of law).

*[commissioner] believed.'" Arndt v. City of Le Claire*, 728 N.W.2d 389, 395 (Iowa 2007) (citation omitted).

The agency gave greatest weight to Linden's statements of pain contained in the physical therapy records, concluding these statements were made in the course of Linden's recovery and not as part of the litigation process, such as her statement to her independent medical examination (IME) physician or Linden's hearing testimony. The agency recounted Linden's complaints of shoulder pain to her physical therapist and noted that as of February 15, 2010, Linden said her shoulder was feeling better.[2]

The agency also credited the testimony of the treating physician and the employer's IME examiner, who opined the injury was confined to Linden's right elbow and does not extend to her right shoulder. The agency found these opinions more consistent with the overall medical evidence than the opinions of Linden's IME physician who asserted her injury was to her body as a whole as a result of neuropathic pain extending from the elbow to the shoulder and the loss of the range of motion in the shoulder. We find substantial evidence to support the agency's factual findings. While the result may have been different had the agency believed Linden and her IME physician, "[e]vidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Pease*, 807 N.W.2d at 845.

**AFFIRMED.**

---

[2] The agency also noted Linden had a separate nonwork related injury to her right shoulder over New Year's 2010.